J. Irwin Shapiro, J.
This is an application by the respondent City Bent and Behabilitation Administrator ‘1 for an order granting to the respondent: (a) leave to reargue the Article 78 proceeding brought by the petitioner to review an order of the respondent City Bent and Behabilitation Administrator which held that a housing accommodation is subject to control; and (b) upon said reargument being granted, the vacating of so much of the decision of the Court as refers the matter to an Official Beferee and, instead, the remitting of the proceeding to the City Bent and Behabilitation Administrator for further consideration, consistent with the Court’s decision, in accordance with the provisions of Section Y51-9.0 of the Administrative Code of the City of New York.”
I did not in my decision refer the matter to an “ official referee ” but to the “ special referee ” of this court. However, that is beside the point. The real question is whether, having found the administrative record made by the respondent to be an inadequate basis for determining whether the administrator acted reasonably, I was precluded by the provisions of the Administrative Code of the City of New York (§ Y51-9.0) from taking additional testimony myself or referring the matter to a Special Beferee for that purpose. The section in question, so far as here material, provides that when entertaining a proceeding of this kind “ the court shall have jurisdiction to set aside the regulation or order protested, in whole or in part, to dismiss the petition, or to remit the proceeding to the city rent agency ” (italics supplied), and that “ The method prescribed herein for the judicial review of a regulation or order of the city rent agency shall be exclusive. ’ ’ It would thus seem that under the *289 circumstances here present the court does not have the power to take additional testimony and to .make an independent determination thereon. The function of the court, by statute, is limited to a review of the record made before the administrator and to a determination of whether the administrator’s order has a reasonable foundation. If it has, the application must be denied; if the determination of the administrator is unreasonable it should be set aside. If, as is the case here, the testimony is equivocal, the matter should be remitted to the administrator for a rehearing and the taking of additional testimony to make a record which will sustain a determination one way or the other, but the court may not substitute its judgment for that of the administrator (Matter of Friedman v. Weaver, 3 N Y 2d 123).
In dealing with a statute which provided death benefits for a policeman whose death resulted from injuries received in the line of duty, containing phraseology similar to that in the Administrative Code here under consideration, the court in Matter of Newbrand v. City of Yonkers (285 N. Y. 164, 178) succinctly stated the applicable rule when it said: 1 * A court or referee has no power, however, under the statute, to substitute new findings of fact based on evidence presented to it in place of findings made by the Board, upon whom the duty of determining the facts was placed by law, or even to take new evidence in regard to those facts where a hearing has been held or required by law.”
If this were a case ‘ ‘ where the evidence is conflicting and room for choice exists ” (Matter of Stork Rest. v. Boland, 282 N. Y. 256), the drawing of conflicting inferences would rest solely with the board, but having here determined that the administrative record made by the board was completely inadequate for any purpose I should have remitted the matter to the administrator for the taking of additional evidence instead of referring it to a Special Referee for that purpose (Matter of 81 Realty v. McGoldrick, 281 App. Div. 872; Matter of Emray Realty Corp. v. Abrams, 309 N. Y. 888; Matter of Rosin v. McGoldrick, 280 App. Div. 943; Matter of R. E. Assoc. v. McGoldrick, 280 App. Div. 202).
Under the circumstances the motion of the City Rent and Rehabilitation Administrator is granted to the extent of vacating so much of this court’s decision as refers the matter to a Special Referee and instead the court now directs that this proceeding be remitted to the City Rent and Rehabilitation Administrator for further consideration consistent with this court’s decision.