**James PRINGLE and Pearl M. Pringle, Plaintiffs,**

v.

**Robert E. HERMAN, as Commissioner of the State of New York Division of Housing and Community Renewal, Office of Rent Administration and Raymond R. Rockensies, Defendants.**

No. 77 Civ. 5930.

United States District Court,
S. D. New York.

Feb. 20, 1979.

Biaggi, Ehrlich & Lang, New York City, for plaintiffs; Sheila Derman, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., New York City, for defendant Herman; Donald Sticklor, Deputy Asst. Atty. Gen., New York City, of counsel.

Matthew G. Nizza, West Hempstead, N. Y., for defendant Rockensies.

## OPINION

SWEET, District Judge.

Plaintiffs and defendant Office of Rent Administration (the "ORA") of the New York State Division of Housing and Community Renewal both move for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, defendant's motion is granted and plaintiffs' motion is denied.

Plaintiffs have adopted defendant's statement of the facts pursuant to Rule 9(g) of the Southern District General Rules. From this Rule 9(g) statement it appears that the ORA has allowed plaintiffs' landlord, defendant Rockensies, to increase the rent on their apartment. To be granted that increase, the landlord was required to certify both that his costs justified the rent increase and that he was maintaining all essential services to the apartment. See Section 33(8) of the New York Emergency Housing Rent Control Law, Rent and Eviction Regulations, as implemented by Operational Bulletin No. 107.

By correspondence with the Local Rent Office of the ORA, plaintiffs disputed the landlord's claim that these two conditions had been met. Plaintiffs also requested an adversary hearing at which they could challenge the landlord's claims. This request was denied. When the decision of the Local Rent Office was appealed to the ORA's Assistant Commissioner, plaintiffs again requested a hearing and were again denied. Plaintiffs attack these denials as a violation of procedural due process and, more specifically, challenge the constitutionality of Section 8588 of the Unconsolidated Laws of the State of New York, which gives the ORA discretion to hold or refuse to hold such a hearing.

To determine whether due process requires a hearing before a rent control body, the court must inquire into the nature of the evidence which was relevant to the decision of that body. *Cf. Burr v. New Rochelle Municipal Housing Authority*, 479 F.2d 1165 (2d Cir. 1973). In the case at bar, neither of the plaintiffs' assertions involved evidence that required a hearing in order to reach a determination consistent with due process.

■ Before the ORA, plaintiffs claimed that the landlord's costs did not justify the requested rent increase. The relevant evidence on this issue was the cost accounting data submitted by the landlord. Due process was satisfied when the tenants were given an opportunity to inspect this data and to submit any written material they deemed relevant. An adversary hearing is not required when, in this kind of rent increase proceeding, the dispute is merely over the accuracy of cost data. *See Burr v. New Rochelle Municipal Housing Authority, supra.*

Plaintiffs' second claim before the ORA was that the landlord had failed to make certain repairs. On July 18, 1977 plaintiffs told an ORA representative that all repairs inside their apartment had been made, except one; they now claim that various repairs are yet to be made. However, the best way to determine if repairs have been made is for the factfinder to inspect the premises. This the ORA was willing, but unable, to do because of plaintiffs' lack of cooperation. In any event, under New York law, the rent increases must be rolled

back if the landlord falsely certified to repairs done or failed to keep up essential repairs. Indeed, a revocation of this increase was specifically provided for in the event the landlord failed to make certain repairs. *See* May 9, 1977 Order of the Local Rent Administrator. Hence, the interests of plaintiffs can still be protected by arranging for an inspection by the ORA of their apartment.

In sum, a hearing would not have better served plaintiffs' legitimate interests. Although *Burr, supra,* did not involve claims by a tenant that repairs had not been made, the principles enunciated therein are applicable here. That is, this court must balance the ORA's need for a summary procedure against the tenants' need to fully present their case. *See Burr, supra,* at 1169. In this case, the balance tips in favor of the ORA and the court concludes that its denial of a hearing did not violate plaintiffs' constitutional rights.[1]

▮ In addition to its substantive contentions, defendant ORA argues for dismissal of the action on the ground that it is time barred. Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action brought under 42 U.S.C. § 1983, the controlling period is the most appropriate period provided by New York State law. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), as construed by, *e. g., Meyer v. Frank,* 550 F.2d 726 (2d Cir. 1977). In other words, the statute of limitations to be selected is that which "the state courts would apply in an analogous state action." *Meyer v. Frank,*

*supra* at 728. Where there is more than one analogous state statute, the choice among them should be based upon which statute deals with the same interests as does the federal statute. *Regan v. Sullivan,* 557 F.2d 300, 304 (2d Cir. 1977).

▮ The defendants urge the application of the 30 day period provided in Section 8589 of the New York Unconsolidated Laws. That provision governs an appeal from any final determination by the ORA. This court holds that Section 8589 is not completely analogous, however, because the present dispute involves a collateral, constitutional issue—the fairness of the procedures used by the ORA.[2]

This court finds that Section 8589 is too narrow in its purposes to set the limitations period for a Section 1983 claim. It is more appropriate to apply New York CPLR Section 217 which sets a four month limitations period for proceedings brought against a body or officer. Using Section 217 plaintiffs' claim is not time barred. Their complaint was filed on or about December 15, 1977, less than three months after the final determination by the ORA on September 27, 1977.[3]

Defendant shall, within ten days hereof, submit to the clerk of this court a judgment, on notice, consistent with this opinion.

IT IS SO ORDERED.

---

1. Plaintiffs' assertion that "the New York State rent control laws do not meet standards of equal protection of law and due process of law by failing to fix standards in the statute [Section 8588] for dispensing with the right to a hearing" is based on a misreading of the language of the statute, and is without merit.

2. It is thus immaterial that Section 8589(4) provides that:

   The method prescribed herein for the judicial review of a regulation or order shall be exclusive.

   Indeed, Section 8589(4) may be construed to mean that under New York law the 30 day appeal provided for in Section 8589 is exclusive

only for appeals attacking the merits of an ORA determination.

3. It might also be appropriate to apply CPLR Section 214(2). This provision provides for a three year period in which to bring actions "to recover upon a liability, penalty or forfeiture created or imposed by statute. . . .", N.Y. Civ.Prac. Law Section 214(2) (McKinney's Supp.1975). Section 214(2) has often been applied to due process claims. *See, e. g., Meyer v. Frank,* 550 F.2d 726 (2d Cir. 1977); *Kaiser v. Cahn,* 510 F.2d 282 (2d Cir. 1974); *Romer v. Leary,* 425 F.2d 186 (2d Cir. 1970); *Martin Hodas v. Lindsay,* 431 F.Supp. 637 (S.D.N.Y. 1977).