■ In the Matter of ANTHONY GUDDEMI, Respondent, v STATE OF NEW YORK, DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant, et al., Respondent, and MARY BARRAZZO et al., Intervenors-Appellants.—In two consolidated proceedings pursuant to CPLR article 78 to review determinations of the State of New York, Division of Housing and Community Renewal (hereinafter DHCR), dated March 22, 1984, and March 29, 1984, respectively, which held that two rooms in the petitioner's premises were subject to rent control, the intervenors Mary Barrazzo and Gloria Leroy appeal, by permission, (1) from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated May 19, 1986, which ordered a hearing de novo to consider whether the DHCR's determination was arbitrary and capricious, and (2) as limited by their brief, from so much of an order of the same court, dated October 31, 1986, as, upon reargument, adhered to its original determination, and the DHCR appeals, purportedly as a matter of right, as limited by its brief, from so much of the order dated October 31, 1986, as adhered to the original determination.

Ordered that on the court's own motion, the DHCR's notice of appeal is treated as an application for leave to appeal, said application is referred to Justice Weinstein, and leave to appeal is granted by Justice Weinstein (CPLR 5701 [b] [1]); and it is further,

Ordered that the appeal by the intervenors from the order

dated May 19, 1986, is dismissed, as that order was superseded by the order dated October 31, 1986, made upon reargument; and it is further,

Ordered that the order dated October 31, 1986, is reversed insofar as appealed from, without costs or disbursements, the order dated May 19, 1986, is vacated, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.

The petitioner sought review of determinations of the DHCR which reinstated rent control and fixed maximum rents on rooms rented by the petitioner to the intervenors Mary Barrazzo and Gloria Leroy. The Supreme Court ordered a hearing de novo in order to determine whether the decision of DHCR was arbitrary and capricious, relying on the reasoning of *Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn.* (62 AD2d 188, *lv denied* 45 NY2d 706) that where a proceeding pursuant to CPLR article 78 presents a triable issue of fact *(see,* CPLR 7804 [h]) "any competent and relevant proof petitioner may have, bearing on the triable issue here presented and showing that any of the underlying material on which [DHCR] based its determination has no basis in fact, would be admissible" *(Matter of Mandle v Brown,* 5 NY2d 51, 65; *Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn., supra).* However proceedings pursuant to CPLR article 78 to review determinations of DHCR are governed by the New York City Rent Control Law (Administrative Code of City of New York § 26-401 *et seq.).* Section 26-411 (a) (2) of that statute provides that "No objection to such regulation or order, and no evidence in support of any objection thereto, shall be considered by the court, unless such objection shall have been presented to the city rent agency by the petitioner in the proceedings resulting in the determination or unless such evidence shall be contained in the return".

This section has been judicially construed to preclude the type of evidentiary hearing authorized by *Matter of Mandle v Brown (supra)* and *Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Commn. (supra)* and to limit the scope of judicial review to questions of law and whether the action of the agency was arbitrary and capricious *(see, Matter of Colton v Berman,* 21 NY2d 322, 333, 334; *Matter of Klaus v Joy,* 85 AD2d 603; *Matter of Brown v Gabel,* 47 Misc 2d 288). Under the circumstances here present the court does not have the power to take additional testimony and to make an

independent determination thereon *(see, Matter of Brown v Gabel, supra,* at 288-289).

We therefore remit the proceeding to the Supreme Court, Richmond County, so that the court may again review the record to determine if the decision of DHCR had a rational basis and was not arbitrary and capricious. If on review the court finds that the record is insufficient to make such a determination, the matter should be remitted to DHCR for appropriate action. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.