■ In the Matter of MAZEL REAL ESTATE, Appellant, v MANUEL MIRABAL, as Deputy Commissioner of the State of New York, Division of Housing and Community Renewal Office of Rent Administration, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the State of New York, Division of Housing and Community Renewal, dated August 7, 1985, granting a rent rollback, the petitioner Mazel Real Estate appeals from a judgment of the Supreme Court, Kings County (Krausman, J.), dated September 26, 1986, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

In March 1984 the petitioner, Mazel Real Estate, received a letter from the Division of Housing and Community Renewal (hereinafter DHCR) notifying it that a complaint had been

filed by a tenant, in an apartment building it owned, alleging that her rent was above the legal limit. The letter informed the petitioner that, after docketing procedures were completed, it would receive a copy of the complaint and the necessary answer forms. In September the petitioner received the complaint and the answer forms which advised it that DHCR regulations required an owner to submit copies of all leases from the base rental date (i.e., the date the apartment became subject to rent stabilization) to the date on which the complaining tenant took occupancy. If the petitioner did not have copies of all applicable leases it could submit rent ledgers or other satisfactory proof of rent collected for the subject apartment.

On August 7, 1985, the District Rent Administrator issued an order rolling back the tenant's rent from $539.85 to $327.70. In the order the Administrator noted that the petitioner had failed to answer the complaint or submit any of the required proofs. On August 19, 1985, the petitioner filed for administrative review of the order, alleging that he had mailed an answer to the DHCR on September 23, 1984, along with the necessary documentation to establish the legal rent. The petitioner attached a copy of his answer and supporting documents to his petition for administrative review. These documents included leases covering the period November 1975 through August 1979 and from September 1983 on. The petitioner claimed that the leases covering the period September 1979 through August 1983 were lost or stolen during a burglary at the petitioner's offices. The petitioner failed to explain why no lease was available for June 30, 1974, the "base [rent] date" for the subject apartment.

In an order and opinion dated April 17, 1986, the DHCR affirmed the previous order finding that even if the petitioner's allegations regarding the missing leases were true it had still failed to submit a lease covering the "base [rent] date" or "copies of the rent roll, or ledger, substantiating the tenancy, lease term, and rental paid for the period in issue".

The petitioner then commenced this proceeding. Along with its petition it submitted, for the first time, rent rolls for the years 1980 to 1983 and 1985. The Supreme Court dismissed the proceeding finding that the determination was not arbitrary and capricious.

In reviewing the judgment appealed from, this court is limited to a review of the record which was before DHCR and to the question of whether the determination of the agency was arbitrary and capricious and without rational support

*(see, Villas of Forest Hills v Lumberger,* 128 AD2d 701, 703; *Matter of Bambeck v State Div. of Hous. & Community Renewal,* 129 AD2d 51, 55, *lv denied* 70 NY2d 615; *Matter of Plaza Realty Investors & Queens Blvd. Props. Co. v New York City Conciliation & Appeals Bd.,* 111 AD2d 395, 396). The petitioner never submitted to DHCR "satisfactory proof" of the rents collected for the subject apartment even though he received notice that such documentation was required from the base rent date through the date that the complaining tenant took occupancy. The leases he submitted to the agency did not cover the entire period in question and were unsupported by any additional evidence. Based on the record before it, the decision of the DHCR to roll back the rent on the subject apartment was supported by a rational basis and was not arbitrary and capricious. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.