■ In the Matter of MENDEL DRIZIN, Doing Business as MDM ASSOCIATES, Respondent, v COMMISSIONER OF DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Appellants, et al., Respondents.

While the premises in question, which are currently owned by the petitioner, were under the ownership of Bist Management (hereinafter Bist), a tenant filed a complaint against it with the former New York City Conciliation and Appeals Board (hereinafter CAB) alleging that her rent was above the legal limit. CAB notified Bist that in conjunction with the complaint, it would be required to produce leases for the apartment dating back to the time when it became subject to rent stabilization. While the complaint was pending, Bist sold the property to the petitioner. Bist did not respond to the notice from CAB and on June 17, 1985, the District Rent Administrator awarded the tenant a rent rollback and assessed treble damages.

The petitioner then interposed a request for administrative review and submitted leases for four allegedly comparable apartments to the one in question. In an order dated March 19, 1986, the respondent Division of Housing and Community Renewal denied the petition on the ground that the petitioner had failed to provide the requested rental history of the apartment in question.

The petitioner then commenced this proceeding where, for the first time, it submitted the rent rolls for the apartment in question. The Supreme Court, Kings County, annulled the DHCR's determination and remitted the matter for a de novo hearing.

This court is limited to a review of the record which was before DHCR and to the question of whether its determination was arbitrary and capricious and without a rational basis (see, *Matter of Mazel Real Estate v Mirabal,* 138 AD2d 600; *Villas of Forest Hills Co. v Lumberger,* 128 AD2d 701; *Matter of Plaza Realty Investors & Queens Blvd. Props. Co. v New York City Conciliation & Appeals Bd.,* 111 AD2d 395; *Matter of*

*Bambeck v State Div. of Hous. & Community Renewal,* 129 AD2d 51, *lv denied* 70 NY2d 615). Although the petitioner maintains that it was unaware of the tenant's complaint when it purchased the property, it had full opportunity to present the required documentation for the apartment when it brought the petition for administrative review. An owner of a building is not excused, under Code of the Rent Stabilization Association of New York City, Inc. § 42 (A), from providing a rental history of an apartment merely because it did not own the building at the time it became rent stabilized *(see, Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd.,* 65 NY2d 898, *affg* 108 AD2d 636, *affg* NYLJ, May 9, 1984, at 11, col 4). Nor was this petitioner excused from providing the necessary documentation because it did not own the building at the time the tenant's complaint was filed with CAB.

The Supreme Court was precluded from considering the newly submitted leases as proof of the rental charges since they were not presented to the DHCR prior to the determination under review *(Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, *affd* 58 NY2d 952; *Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863). Based on the record before it, the decision of the DHCR to roll back the rent on the subject apartment was supported by a rational basis and was not arbitrary and capricious.

Nor does the sanction imposed of treble damages shock the conscience of the court *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 240; *Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd., supra; Matter of Mazel Real Estate v Mirabal, supra).* The notice provided by the DHCR informed the petitioner (who obtained the information from Bist) that failure to comply could result in the assessment of treble damages against it. The petitioner failed to meet its burden of establishing that any overcharge was not willful (Administrative Code of City of New York former § YY51-6.0.5 [now § 26-516]). Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.