■ ROBERT D. GOLDSTEIN et al., Appellants, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.

In January 1986 the respondent New York State Division of Housing and Community Renewal (hereinafter the DHCR), which is charged with the administration of the rent control and rent stabilization laws, issued Supplement No. 1 to Operational Bulletin 84-4, which was in the nature of instructions, interpretive statements and general statements. Of particular relevance to this appeal, section C of Supplement No. 1 in the Bulletin (hereinafter section C) provided that the DHCR intended to disallow an increase in rent for major capital improvements which were paid for out of a cash reserve fund deposited by the owner-sponsor-landlord after the subject building is converted to condominium or cooperative ownership. The plaintiffs are the owners of a 50-unit cooperative apartment building subject to the rent stabilization and rent control laws. In August 1985 the plaintiffs made certain major improvements to their building which were paid for out of the cooperative's cash reserve fund. Instead of filing an application with the DHCR for rent increases based on these major capital improvements, the plaintiffs instituted the instant action seeking a judgment declaring, *inter alia,* that the DHCR was without authority to promulgate section C and that section C was unconstitutional. Upon DHCR's motion, the Supreme Court dismissed the complaint on the basis that the plaintiffs' claims were not ripe for judicial review.

In May 1987 section C was superseded by Rent Stabilization Code (9 NYCRR) § 2522.4 (a) (9). In view thereof, we find that the plaintiffs' challenge to section C is academic *(see, Mastrangelo v County of Nassau,* 102 AD2d 814). Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.