In the Matter of MAYA REALTY ASSOCIATES, Petitioner, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Queens County, January 27, 1989

### APPEARANCES OF COUNSEL

*Richard Creditor* for petitioner. *Dennis Hasher* for respondent.

### OPINION OF THE COURT

STANLEY B. KATZ, J.

In this CPLR article 78 proceeding, petitioner moves for leave to reargue its order to show cause and petition which resulted in an order of this court dated February 25, 1988, dismissing the proceeding without prejudice to renewal for failure to serve the order to show cause in accordance with its terms.

The motion for leave to reargue is granted. Upon reargument, the court vacates its order of February 25, 1988 and will determine the proceeding on the merits inasmuch as it appears that service was properly made but that there was some confusion concerning the submission date which resulted in the proper papers not being before the court at the time of its decision.

Petitioner, the current owner of premises located at 64-34 102nd Street, Rego Park, New York, seeks to annul a determination of respondent Division of Housing and Community Renewal (hereinafter DHCR) dated December 9, 1987, which denied a petition for administrative review (hereinafter PAR) dated May 16, 1986. Said PAR sought to review a decision of respondent's district rent administrator dated April 24, 1986 which determined that a rent overcharge had been collected from a certain tenant since November 1, 1983 and directed the owner to roll back the rent and to refund to the tenant any rent paid in excess of the lawful stabilized rent. The tenant's complaint of rent overcharge was originally filed on March 14, 1984. Petitioner purchased the premises on September 30, 1985.

Petitioner's concern regarding the procedure followed by DHCR for establishing the lawful stabilized rent in the absence of the total required rental history of the apartment from the owner is unfounded. The agency's procedure has been approved by the courts in similar situations. *(See, Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd.,* 65 NY2d 898; *Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal,* 140 AD2d 605.) However, DHCR did improperly rely upon section 2526.1 (f) (2) of the Rent Stabilization Code, as amended in May 1987 (9 NYCRR 2526.1 [f] [2]), in holding that petitioner is responsible for all of the overcharges and interest occurring on or after April 1, 1984 despite the fact that it did not purchase the premises until September 30, 1985.

Although, as respondent contends, section 2529.10 of the Rent Stabilization Code (hereinafter Code) does provide that the amended Code shall apply to any PAR proceeding pending before DHCR commenced on or after April 1, 1984, respondent has failed to apply the pertinent provisions of that Code. The provisions of the amended Code make it clear that any complaint alleging a rent overcharge filed prior to April 1, 1984 shall be determined in accordance with the Rent Stabilization Law and Code provisions in effect on March 31, 1984 (9

NYCRR 2526.1 [a] [4]), and any order establishing the legal regulated rent shall be based upon the law and Code provisions in effect on March 31, 1984, if the complaint was filed prior to April 1, 1984. (9 NYCRR 2522.6.) Inasmuch as the complaint herein was filed on March 14, 1984, an application of the amended Code in determining petitioner's PAR would require that the decision be based on the law and Code in effect on March 31, 1984.

Accordingly, the petition is granted only to the extent that that part of the determination of respondent, dated December 9, 1987, which affirmed the order directing petitioner to refund the entire amount of the overcharge and interest occurring on or after April 1, 1984 is vacated and this matter is remitted to respondent to redetermine the amount of the overcharge for which petitioner should be held liable on the basis of the law and Code in effect on March 31, 1984.