■ In the Matter of RALPH AGUAYO, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant State of New York Division of Housing and Community Renewal, dated August 14, 1987, which ordered a reduction in rent based upon a finding of failure to maintain services, the appeal, by permission, is from an order of the Supreme Court, Kings County (I. Aronin, J.), dated January 12, 1988, which granted the petition to the extent of "setting the matter down for a hearing".

Ordered that the order is reversed, on the law, without costs or disbursements, the determination is confirmed, and the petition is dismissed.

On February 15, 1985, tenants Lena and Alfred Campisi, who occupied a rent-controlled apartment in a building owned by the petitioner Ralph Aguayo, complained to the appellant State of New York Division of Housing and Community Renewal (hereinafter the DHCR) that the petitioner had failed and/or refused to provide services to their apartment. Among the problems of which the Campisis complained were loose window frames, a kitchen sink falling from the wall, cracked and peeling ceilings and the lack of a fireproof door. In March 1985, the appellant notified the petitioner of the complaint, and the latter interposed an answer consisting essentially of a general denial of the existence of the conditions at issue.

On October 17, 1985, the apartment was inspected and various violations were found, confirming the allegations in the complaint. In February 1986 the District Rent Administrator made a finding that the petitioner had failed to maintain services to the apartment and ordered a reduction in rent by $17 per month. The petitioner then sought administrative review of this determination with the Commissioner of the

DHCR, contending that the alleged conditions did not exist, and that the inspection report was vague as to the conditions mentioned therein. He also challenged whether any inspection had been conducted at all and requested that he be given an opportunity to respond. The DHCR affirmed the order of the administrator.

Thereafter, the petitioner commenced this CPLR article 78 proceeding seeking to review the DHCR's determination on the ground, *inter alia,* that it is arbitrary and capricious. The Supreme Court granted the petition to the extent of setting the matter down for a hearing and directed the DHCR "to produce all persons having been involved from their department in the determination made regarding the premises". This appeal by permission followed. We concluded that the court erred in ordering a hearing de novo in order to determine whether the DHCR's determination was arbitrary or capricious.

Administrative Code of the City of New York § 26-411 (a) (2) precludes the type of evidentiary hearing the court ordered here and limits the scope of judicial review to questions of law and whether the action of the agency was arbitrary or capricious *(see, Matter of Guddemi v State of New York Div. of Hous. & Community Renewal,* 138 AD2d 376). This court is limited to a review of the record which was before DHCR *(see, Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal,* 140 AD2d 605; *Matter of Mazel Real Estate v Mirabal,* 138 AD2d 600). If the Supreme Court found the record insufficient to permit a determination of whether or not the decision is arbitrary or capricious, it should have remitted the matter to the DHCR for appropriate further action *(see, Matter of Guddemi v State of New York Div. of Hous. & Community Renewal, supra).*

The petitioner's contention, which is supported by the *amicus curiae* brief of the Rent Stabilization Association of the City of New York, is that he was denied due process because there was no hearing. We note that the petitioner was mailed a copy of the tenants' complaint, and he interposed an answer. That answer, which consisted mostly of a general denial of the existence of the conditions complained of, created a factual dispute which was resolved by an inspection of the premises *(see, Matter of Howard-Carol Tenants' Assn. v New York City Conciliation & Appeals Bd.,* 64 AD2d 546, *affd* 48 NY2d 768). It is irrelevant that the petitioner might not have been present when the inspection was conducted *(Cohen v State of New York Div. of Hous. & Community Renewal,* 131 AD2d

808). Neither of the petitioner's assertions at the administrative level raised issues that required a hearing in order to reach a determination consistent with due process *(see, Pringle v Herman,* 465 F Supp 643, 644).

The petitioner also claims, in his brief on appeal, that he has "embarked upon a major renovation of the building which includes replacing all windows with new ones, rewiring of the entire building and replastering and painting all walls and ceilings". We note that nowhere in the administrative stages of this proceeding did the petitioner allege that the conditions complained of had been rectified. Nor did he previously submit the tenants' letter annexed to his appellate brief indicating that repairs had been made. Thus, those facts with regard to the alleged rectification of the conditions complained of are dehors the record and cannot be considered by this court *(see, Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, *affd* 58 NY2d 952).

Finally, we note that if the petitioner contends that the conditions complained of in the subject apartment have been corrected, his recourse is to file an application with the DHCR to restore the previous rate of rent based upon a restoration of services. Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.