■ In the Matter of XERMENIA McKINNON, Respondent, v ANGELO APONTE, Appellant, and JONATHAN WOODNER COMPANY, Respondent. [601 NYS2d 631] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal, dated November 15, 1990, which granted the respondent owner's petition for administrative review and set aside a determination of the District Rent Administrator, dated April 8, 1987, the Commissioner appeals from so much of an order of the Supreme Court, Queens County (Rosenzweig, J.), dated May 13, 1991, as granted the petition to the limited extent of remitting the matter to the New York State Division of Housing and Community Renewal for a hearing on the owner's petition for administrative review.

Ordered that the order is reversed insofar as appealed from,

on the law, without costs or disbursements, the first decretal paragraph thereof is deleted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The petitioner, Xermenia McKinnon, as a tenant of a rent-stabilized apartment owned by the respondent Jonathan Woodner Company, brought an overcharge complaint against the owner on or about March 23, 1984. Thereafter, on numerous occasions, the New York City Conciliation and Appeals Board and its successor, the New York State Division of Housing and Community Renewal (hereinafter the DHCR), repeatedly notified the owner of the pending overcharge proceeding and requested the production of records regarding the rental history of the apartment. The owner failed to respond or to make any documents available. Thus, on or about October 30, 1986, the DHCR sent to the owner a "Final Notice of Pending Default" giving the owner a final 20-day period within which to cooperate. Some *four months* later (and almost three years after the overcharge complaint had been filed), the owner sent a letter to the DHCR seeking an extension and vaguely alleging that it was having trouble meeting the "deadline" set by the DHCR "[d]ue to a turnover of office personnel and the volume of objections received". In an order dated April 8, 1987, the District Rent Administrator found the owner in default, recalculated the rent for the apartment, and awarded treble damages to the tenant. Thereafter, the owner filed a Petition for Administrative Review (hereinafter PAR) and submitted to the DHCR numerous rental records for the apartment in question. The tenant contends that she never received copies of documentation submitted in support of the PAR. On November 15, 1990, more than *three and one-half years* after the PAR was filed, and without holding a hearing, the Commissioner issued an opinion and order granting the PAR and directing the tenant to repay the owner any arrears which had accrued as a result of the District Rent Administrator's prior determination. The Commissioner noted in part that "[t]he owner in this case has submitted a complete rental history for the first time with the petition and the Commissioner deems it appropriate to accept the records because in response to the notice of Pending Default the owner had requested an extension of time in which to answer before the [District Rent] Administrator's order was issued".

The tenant thereupon commenced the instant proceeding pursuant to CPLR article 78 to review the Commissioner's determination, *inter alia,* on the grounds that the Commis-

sioner's acceptance of the rent records was arbitrary and capricious and that the delay in deciding the PAR was unjustified and highly prejudicial to the tenant. The Supreme Court, without elaboration, granted the petition to the limited extent of remitting the matter to the DHCR for an unspecified hearing on the PAR. This appeal by the Commissioner ensued. We now reverse the order insofar as appealed from and remit the matter to the Supreme Court for a determination of the issues raised in the tenant's CPLR article 78 petition.

We find persuasive the DHCR's contention that it may appeal as of right from the order of the Supreme Court remitting the matter to it. While an appeal as of right does not ordinarily lie from such a nonfinal disposition in a CPLR article 78 proceeding (see, CPLR 5701), McKinney's Unconsolidated Laws of NY § 8608 (Local Emergency Housing Rent Control Act § 8; L 1962, ch 21, as amended by L 1984, ch 102, § 7) governs judicial review of the order and provides in pertinent part as follows: "Notwithstanding any provision of section thirteen hundred four of the civil practice act [now CPLR 5701] to the contrary, any order of the court remitting the proceeding to the city housing rent agency may, at the election of the city housing rent agency, be subject to review by the appellate division of the supreme court * * * in the same manner and form and with the same effect as provided in the [CPLR] for appeals from a final order in a special proceeding". We previously have held that the judicial review provisions of the Local Emergency Housing Rent Control Act are applicable to, and permit an appeal as of right by, the New York City Conciliation and Appeals Board as the city housing rent agency responsible for the administration of rent regulations in cases such as this (see, Matter of Windsor Park Tenants' Assn. v New York City Conciliation & Appeals Bd., 59 AD2d 121). The DHCR, as the successor to the functions and powers of the Conciliation and Appeals Board (see, L 1983, ch 403, § 16, as amended; see generally, Sohn v Calderon, 78 NY2d 755; Goldstein v State Div. of Hous. & Community Renewal, 140 AD2d 667) is entitled to the same judicial review formerly afforded to the Conciliation and Appeals Board. To the extent that some of our more recent decisions have applied the general rule of CPLR 5701 to such appeals by the DHCR (see, e.g., Matter of Maya Realty Assocs. v State of New York Div. of Hous. & Community Renewal, 192 AD2d 608; Matter of Cooperative Equities Group Four v State Div. of Hous. & Community Renewal, 160 AD2d 697), those decisions should no longer be followed.

Turning to the merits, we agree with the DHCR that the Supreme Court erred in remitting the matter to it for an unspecified hearing on the owner's PAR and in failing to determine the issues raised by the petition in this CPLR article 78 proceeding. It is well settled that in a proceeding to review a determination of the DHCR, "[the] court is limited to a review of the record which was before [the] DHCR and to the question of whether its determination was arbitrary and capricious and without a rational basis" *(Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal,* 140 AD2d 605, 606; *see, Matter of Aguayo v New York State Div. of Hous. & Community Renewal,* 150 AD2d 565; *Matter of Mazel Real Estate v Mirabal,* 138 AD2d 600). Here, the tenant alleged, *inter alia,* that the Commissioner's determination should be set aside as arbitrary and capricious because it was premised upon documentary evidence which was not before the District Rent Administrator and which was not provided to the tenant, and that the substantial delay in the resolution of the PAR severely prejudiced the tenant. We find that the Supreme Court should resolve these contentions on the merits. With respect to the question of whether the Commissioner acted arbitrarily in excusing the owner's default and accepting the rental records, the court should consider whether the DHCR's own procedural rules were violated. Of particular relevance to this inquiry is 9 NYCRR 2529.6, which governs PARs and provides as follows: "Scope of review. Review pursuant to this Part shall be limited to facts or evidence before a Rent Administrator as raised in the petition. Where the petitioner submits with the petition certain facts or evidence which he or she establishes could not reasonably have been offered or included in the proceeding prior to the issuance of the order being appealed, the proceeding may be remanded for redetermination to the rent administrator to consider such facts or evidence". Accordingly, we remit the proceeding to the Supreme Court to review the record and determine whether the Commissioner's determination lacked a rational basis and was arbitrary and capricious *(see, e.g., Matter of Guddemi v State of N. Y., Div. of Hous. & Community Renewal,* 138 AD2d 376). Thompson, J. P., Sullivan, Ritter and Joy JJ., concur.