■ In the Matter of BRIGHTWATER TOWERS ASSOCIATES, Appellant-Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents-Appellants. (Proceeding No. 1.) In the Matter of PAUL PODHAIZER et al., Respondents-Appellants, v ANGELO APONTE, as Commissioner of the State of New York Division of Housing and Community Renewal, et al., Respondents. (Proceeding No. 2.) [622 NYS2d 548] —In two related proceedings pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal, dated March 6, 1991, (1) Brightwater Towers Associates, the petitioner in Proceeding No. 1, appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Vaccaro, J.), entered February

3, 1993, as modified the Commissioner's order by directing that all of the subject leases be restructured to reflect each tenant's original occupancy date, and dismissed Proceeding No. 1 in all other respects, (2) Paul Podhaizer, Victor Silverman, and Brightwater Towers Tenants' Council, Inc., the petitioners in Proceeding No. 2, cross-appeal, as limited by their brief, from so much of the same order and judgment as dismissed Proceeding No. 2 and modified the Commissioner's order as aforesaid, and (3) the New York State Division of Housing and Community Renewal cross-appeals from so much of the same order and judgment as modified the Commissioner's order as aforesaid.

Ordered that the order and judgment is modified, on the law, by deleting therefrom the provision modifying the Commissioner's order and dismissing Proceeding No. 1 in all other respects, and by substituting therefor a provision denying the petition in Proceeding No. 1 and dismissing Proceeding No. 1 in its entirety; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the New York State Division of Housing and Community Renewal.

It is well settled that, in a proceeding to review a determination of the New York State Division of Housing and Community Renewal (hereinafter the DHCR), the court is limited to a review of the record which was before the DHCR and to the issue of whether its determination was arbitrary and capricious and without a rational basis *(see, Matter of McKinnon v Aponte,* 196 AD2d 655; *Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal,* 140 AD2d 605). Moreover, the DHCR's interpretation and application of the regulations it administers, if not unreasonable or irrational, is entitled to great deference *(see, Matter of Salvati v Eimecke,* 72 NY2d 784; *Matter of Albe Realty Co. v Division of Hous. & Community Renewal,* 197 AD2d 618).

In the instant case, the Commissioner's determination that income surcharges should be included in the initial regulated rent, while pool restoration charges should be excluded, was not unreasonable. The Rent Stabilization Code provides that, for housing accommodations where rentals were previously regulated under the Private Housing Finance Law, "the initial legal registered rent shall be the rent charged to and paid by the tenant in occupancy on the date such regulation ends" (9 NYCRR 2521.1 [1]). Moreover, Private Housing Finance Law regulations provide, *inter alia,* that the rent entered on a

lease shall include surcharges being assessed against the tenant (9 NYCRR 1727-3.3 [a]). Since various tenants in this case were paying income-based surcharges as part of their rent on the date regulation under the Private Housing Finance Law ended, the Commissioner properly determined that these surcharges should be included in the initial regulated rent. Conversely, by an order of the DHCR dated November 26, 1985, the pool restoration charges were authorized for the calendar year 1986 only. Although the tenants entered into a stipulation with the owner to extend the payment of these charges through 1989, these charges were not part of the rent authorized by the DHCR at the time regulation under the Private Housing Finance Law ended. Accordingly, the Commissioner's determination to exclude such payments from the initial regulated rent had a rational basis in the record.

However, we find that the Supreme Court erred in modifying the Commissioner's order with respect to the restructuring of the leases. The Commissioner's determination that the owner had violated certain regulations by failing to provide renewal leases on each tenant's anniversary date and that the tenants should have the option of restructuring their leases to conform to those regulations had a rational basis in the record and should not have been disturbed (see, Matter of Mott v New York State Div. of Hous. & Community Renewal, 191 AD2d 566).

The remaining contentions of the owner and tenants are without merit. Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.