■ In the Matter of 36-08 QUEENS REALTY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [634 NYS2d 530] —In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Division of Housing and Community Renewal dated December 30, 1992, confirming a determination of the District Rent Administrator dated April 2, 1991, which found that the petitioner had willfully overcharged rent and awarded treble damages, the petitioner appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated August 25, 1993, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In June 1988, a tenant who occupied a rent stabilized apartment in the appellant's building filed a complaint with the New York State Division of Housing and Community Renewal (hereinafter DHCR) alleging that the appellant had improperly overcharged him rent. In support of his claim, the tenant alleged that his initial rent of $450 per month was substantially higher than the prior tenant's last rent of $375 per month. The appellant responded that, while the prior tenant's last lease permitted it to charge a rent of approximately $375 per month for the apartment in question, the prior tenant's rent had been lawfully increased to $419.47 to defray the cost of improvements to the apartment, including the installation of a new refrigerator. The appellant contended that the prior tenant

had orally consented to the rent increase and that it was, therefore, entitled to pass the increase onto the complaining tenant. However, the DHCR found that the appellant had improperly increased the prior tenant's rent without his written consent in violation of the Rent Stabilization Code *(see,* 9 NYCRR parts 2520-2530) and awarded the complaining tenant treble damages *(see,* 9 NYCRR 2522.4 [a] [1]; 2526.1 [a] [1]).

The appellant commenced this CPLR article 78 proceeding to review the DHCR's determination. In its petition, the appellant alleged, for the first time, that it properly increased the complaining tenant's rent because the improvements were made before the complaining tenant took possession of the apartment pursuant to a vacancy lease. Thus, the appellant alleged that the validity of the increase was unaffected by its failure to obtain the prior tenant's written consent to the improvements. However, it is well settled that, in a CPLR article 78 proceeding to review a determination of the DHCR, the court is limited to a review of the record which was before the DHCR and to the question of whether its determination was arbitrary and capricious and without a rational basis *(see, Matter of McKinnon v Aponte,* 196 AD2d 655, 658; *see also, Matter of Aguayo v New York State Div. of Hous. & Community Renewal,* 150 AD2d 565, 566; *Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757, *affd* 58 NY2d 952). Accordingly, since the appellant failed to argue before the DHCR that it was entitled to increase the complaining tenant's rent even if the prior tenant's rent increase had been improper, the Supreme Court properly declined to review that issue. In any event, the appellant's argument is misplaced. The record supports the DHCR's determination that, if the improvements were actually performed, they were performed while the prior tenant was in possession of the apartment and not while the apartment was vacant *(see,* Rent Stabilization Code [9 NYCRR 2522.4 (a) (1)]). Therefore, the DHCR's finding that the appellant had overcharged the complaining tenant is supported by the record. Moreover, the appellant failed to prove by a preponderance of evidence that the overcharge was not willful. Thus, imposition of treble damages was also proper *(see,* 9 NYCRR 2522.4 [a] [1]; *Matter of Century Towers Assocs. v State of N. Y. Div. of Hous. & Community Renewal,* 83 NY2d 819, 823). Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.