■ In the Matter of J. BAUER et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and ROBERT SCHPOONT, Intervenor-Respondent. [640 NYS2d 492]

The determination of respondent agency was not arbitrary and capricious and was rationally supported by the record (*Matter of Pell v Board of Educ.,* 34 NY2d 222). As petitioners failed to register the regulated apartment initially in 1984 or prior to the Rent Administrator's order and failed to serve a copy of the registration on the tenant (Administrative Code of City of NY § 26-517; 9 NYCRR 2528.1) or provide a rent history for the apartment dating back to the base date, the Commissioner properly barred collection of increases in excess of the lawful rent and allowed the agency to use its settled procedures to establish the rent (*Matter of Drewbar Realty Co. v State of N. Y. Div. of Hous. & Community Renewal,* 181 AD2d 617). Since petitioners failed to prove, by a preponderance of the evidence, that the overcharges were not willful, treble damages were properly imposed (*Matter of Gattiboni v Aponte,* 188 AD2d 434). Nor were petitioners' rights violated by the failure to hold a fact-finding hearing, where they were afforded a reasonable opportunity to be heard (*Matter of Aquayo v New York State Div. of Hous. & Community Renewal,* 150 AD2d 565).

Equity should not be invoked to relieve petitioners from the imposition of treble damages, as such measure was not so harsh under the facts herein as to "shock the conscience of the court" (*Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal,* 140 AD2d 605, 607), and as petitioners' actions violated statutory law (*see, Matter of Dane,* 55 AD2d 224, 226). Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.