■ In the Matter of DAYTON OPERATING COMPANY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [654 NYS2d 322] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated January 27, 1995, which, *inter alia*, denied as untimely the petitioner's application for a rent increase based upon the installation of major capital improvements at the subject property, the petitioner appeals from a judgment of the Supreme Court, Queens County (Milano, J.), dated November 2, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination of the respondent is annulled, and the matter is remitted to the respondent for issuance of an appropriate order in accordance herewith, determining the rent increase due to the petitioner and directing the payment thereof, which order shall issue with all convenient speed.

The record before us clearly establishes both the timeliness of the petitioner's application for the requested major capital improvement rent increase, as well as its entitlement to the requested increase. The determination of the respondent New York State Division of Housing and Community Renewal (hereinafter the DHCR) to deny the application as untimely was therefore arbitrary and capricious, and must be reversed (*cf., Matter of 36-08 Queens Realty v New York State Div. of Hous. & Community Renewal*, 222 AD2d 440). The matter is remitted to the DHCR to determine the appropriate amount by which the rent should be increased, as well as the issuance of an appropriate order directing the payment thereof. Rosenblatt, J. P., Joy, Florio and McGinity, JJ., concur.