■ In the Matter of BRETT REISS, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al.,

Appellants. [656 NYS2d 923] —In a proceeding pursuant to CPLR article 78 to review a determination of the Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated July 19, 1995, which affirmed a determination of a District Rent Administrator, dated July 2, 1992, revoking a determination made by the District Rent Administrator, dated February 14, 1992, determining that Sol G. Atlas Realty Co., Inc., had overcharged the petitioner, the appeals are from a judgment of the Supreme Court, Nassau County (Franco, J.), dated January 11, 1996, which granted the petition, annulled the determination dated July 19, 1995, and found that the petitioner was entitled to an award of $7,032.60 for rent overcharges as set forth in the determination of the District Rent Administrator dated February 14, 1992.

Ordered that the judgment is reversed, on the law, with one bill of costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The New York State Division of Housing and Community Renewal (hereinafter DHCR) is "entitled to have its interpretation of the regulating statute upheld as long as that construction is not irrational" (*Cosmo Realty Corp. v Scruggs-Leftwich,* 118 AD2d 826; *Matter of McKinnon v Aponte,* 196 AD2d 655, 658; *Matter of Drizin v Commissioner of Div. of Hous. & Community Renewal,* 140 AD2d 605, 606). The record demonstrates that there was a rational basis for the DHCR's determination that no rent overcharge had occurred. Accordingly, the Supreme Court erred in substituting its determination for that of the DHCR. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.