∎ In the Matter of 221 WEST 16TH REALTY L. L. C., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [716 NYS2d 54] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered December 13, 1999, denying petitioner's application pursuant to CPLR article 78 to annul the determination of respondent Commissioner of the New York State Division of Housing and Community Renewal (DHCR), denying petitioner's application for a building-wide rent restructuring, unanimously affirmed, without costs.

Petitioner landlord contends that once the Federal low-interest mortgage upon its premises had been satisfied and the program under which it was granted concluded in 1987, the premises reverted to their pre-mortgage rent controlled status and, accordingly, that it was entitled to fair market rent increases when the purportedly rent controlled tenants ended their tenancies. Respondent DHCR, however, rationally determined that, upon the termination of the Federal mortgage and the attendant low-income housing program, petitioner's premises became subject to rent stabilization (see, Rent Stabilization Code [9 NYCRR] § 2520.11 [c]), and pursuant to the Rent Stabilization Code, the initial stabilized rent, namely "the rent charged to and paid by the tenant in occupancy on the date [the Federal] regulation ends" (9 NYCRR 2521.1 [l]; Matter of Brightwater Towers Assocs. v New York State Div. of Hous. & Community Renewal, 212 AD2d 603), had to be contested, if at all, within 60 days from the time such rent was set (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-513 [a]), which period had long since expired at the time of petitioner's application to respondent DHCR for a building-wide rent restructuring. Concur—Sullivan, P. J., Rosenberger, Tom, Wallach and Andrias, JJ.