OPINION OF THE COURT
Per Curiam.
Order entered May 12, 2000 affirmed, with $10 costs.
Since these holdover proceedings were erroneously brought upon the ground that the premises became exempt from regulation upon satisfaction of the Federal mortgage and termination *171 of tenants’ HUD leases, Civil Court correctly dismissed the holdover petitions. The building was substantially rehabilitated in 1967 with the assistance of Federal funds conditioned upon the (former) owner’s participation in a low-income housing program. As authoritatively decided in parallel litigation involving the immediately adjoining building, which underwent the same rehabilitation, Rent Stabilization Code (9 NYCRR) § 2520.11 (c) governs in these circumstances and places the premises under rent stabilization upon the termination of Federal regulation (Matter of 221 W. 16th Realty v New York State Div. of Hous. & Community Renewal, 277 AD2d 81). We perceive no constitutional infirmity resulting from the return of the premises to local rent regulation upon the cessation of Federal supervision (see, Federal Home Loan Mtge. Corp. v New York State Div. of Hous. & Community Renewal, 87 NY2d 325, 334-337).
The provision for attorneys’ fees in tenants’ HUD leases carries over into the existing statutory tenancy (640 Broadway Renaissance Co. v Rossiter, 256 AD2d 568). Tenants having prevailed in these proceedings, they are entitled to recover their legal fees under the reciprocity provision of Real Property Law § 234.
Parness, P. J., Davis and Suarez, JJ., concur.