■ In the Matter of REGO ESTATES, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [799 NYS2d 539]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Division of Housing and Community Renewal dated July 11, 2003, the petitioner appeals from a judgment of the Supreme Court, Queens County (Grays, J.), dated January 27, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the respondent for a new determination in accordance herewith, to be made with all deliberate speed.

The respondent, the Division of Housing and Community Renewal (hereinafter the DHCR), established the legal regulated rent for the subject housing accommodation in a series of administrative proceedings. The DHCR then improperly dismissed as academic the petitioner owner's request that it determine the amount of such rent for the period of the tenant's occupancy beginning four years before the date the proceedings were commenced in 1993. In a proceeding pursuant to Rent Stabilization Code (9 NYCRR) § 2522.6 to establish the legal regulated rent, however, such rent "shall be adjusted effective the first rent payment date *occurring 30 days after the filing of the application,* unless otherwise set forth in the order" (Rent Stabilization Code [9 NYCRR] § 2522.2 [emphasis supplied]). Thus, the DHCR was required to establish the legal regulated rent for a period during which the proceeding was pending or to determine explicitly that the effective date of its determination will be otherwise. Since the DHCR did neither, the owner's application for such a determination was not academic and was not properly denied as academic. Thus, even though the scope of review here is limited to whether the DHCR's determination was arbitrary and capricious and without a rational basis (*see Matter of 36-08 Queens Realty v New York State Div. of Hous. & Community Renewal,* 222 AD2d 440 [1995]; *Matter of McKinnon v Aponte,* 196 AD2d 655, 658 [1993]; *see also Matter of Aguayo v New York State Div. of Hous. & Community Renewal,* 150 AD2d 565, 566 [1989]; *Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757 [1982], *affd* 58 NY2d 952 [1983]),* the Supreme Court erred in sustaining the DHCR's determination to deviate from the statutory norm and establish the legal regulated rent prospectively in the absence of any explanation therefor (*see* Rent Stabilization Code [9 NYCRR] § 2522.2).

The DHCR's attempt to offer such an explanation now is not a sufficient basis to sustain its determination. Rent Stabilization Code (9 NYCRR) § 2526.1 limits the ability of the DHCR to look back more than four years before the commencement of the proceeding, not more than four years before its determination. Although the DHCR has the authority to vary the application of the effective date of its rent determination where the equities so require (*see* Rent Stabilization Code [9 NYCRR] § 2522.7), the DHCR did not do so, and will not be heard to argue for the first time on appeal that its determination should be sustained on that basis (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758-759 [1991]; *Matter of Rizzo v New York State Div. of Hous. & Community Renewal,* 16 AD3d 72 [2005]; *Matter of Eastern Pork*

*Prods. Co. v New York State Div. of Hous. & Community Renewal*, 187 AD2d 320, 322 [1992]).

The DHCR's assertion that in establishing the legal regulated rent for the period in which the proceeding was pending it would be unfairly imposing an obligation on the tenant is without support in the record, particularly in light of the owner's assertion, which appears to be unrefuted, that the tenant has not paid any rent during that period.

Thus, the matter is remitted to the DHCR for a redetermination of the legal regulated rent in compliance with Rent Stabilization Code (9 NYCRR) § 2522.2. In the event that the DHCR again deviates from the statutory norm and establishes the legal regulated rent prospectively it shall give an explanation therefor (*see* Rent Stabilization Code [9 NYCRR] § 2522.2). S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.