■ RAY E. METH, Respondent, v. BETTY L. M. KOLKER et al., Appellants, et al., Defendants.— Order, Supreme Court, New York County, entered on February 15, 1972, denying defendants-appellants' motion for summary judgment, unanimously reversed, on the law, the motion granted, the complaint dismissed and the action severed as to defendants-appellants. Defendants-appellants shall recover of plaintiff-respondent $50 costs and disbursements of this appeal. Plaintiff asserts claims against the three individual defendants arising out of a trust agreement executed in 1926. In substance, plaintiff claims that she, and not two of the three named individual defendants, should receive the remainder of the Trust, following defendant Newman's life estate interest. In this action, plaintiff seeks to reform or set aside an *inter vivos* trust created in 1926 by her father, Louis Newman, now deceased. Plaintiff claims she is entitled to the remainder interest in the trust by virtue of the dispositions in a prior court action in 1925, in which plaintiff, then an infant represented by a guardian ad litem, was a party. That action brought by plaintiff's father to set aside a prior trust created in 1916, resulted in a settlement agreement, approved by the court, whereby the 1916 trust was declared null and void and the settlor agreed to establish a trust for plaintiff with a corpus of $50,000 and an agreement by the father to leave his entire estate to the plaintiff if the settlor should die leaving no wife and/or no children other than the present plaintiff surviving. The trust for $50,000 on plaintiff's behalf was established, and upon the father's death in 1956, plaintiff received the principal of that trust. Plaintiff's present action is predicated upon allegations that there

was a conspiracy fraudulently to deprive plaintiff of her inheritance which resulted in the 1925 adjudication. Moreover, the trust established in 1926 is sought to be set aside upon the grounds of undue influence, duress and/or incompetence. The record clearly demonstrates no basis for the present challenge to the 1926 trust. Undisputed facts establish conclusively that plaintiff's claims are not only without merit but are barred by the Statute of Limitations. The settlement agreement dated July 28, 1925, approved by the court, is unambiguous. Plaintiff has enjoyed the benefits of a trust established thereunder all these years. Her father died in 1956. Plaintiff waited until 1971 to assert her claims. Not only has plaintiff failed to demonstrate that she did not learn of her claims many years ago, the undisputed evidence establishes plaintiff's knowledge of her claims long before she brought this action, and prior to her father's death in 1956. When no material issue of fact exists and the undisputed facts establish that a party is entitled to judgment as a matter of law, summary judgment should be granted. (See *Richard* v. *Credit Suisse*, 242 N. Y. 346, 349–50; *Leumi Fin. Corp.* v. *Richter*, 24 A D 2d 855, affd. 17 N Y 2d 166.) Concur — Markewich, J. P., Nunez, Kupferman, Murphy and McNally, JJ.