■ TRANSPORTATION HOUSE, INC., Respondent, v E. D. V. MAINTENANCE CORP., Appellant. — Appeal (by permission) from an order of the Appellate

Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated June 19, 1980, which affirmed an order of the Civil Court of the City of New York, Kings County (Steinberg, J.), entered November 13, 1979, which denied the tenant's motion to restore the proceeding to the calendar seven years after a stipulation of settlement was entered on the record. Order affirmed, without costs or disbursements. The landlord commenced a holdover proceeding and the parties entered into a stipulation of settlement in open court on October 17, 1972. The tenant timely vacated the premises, but did not receive moving expenses nor the return of its security in accordance with the settlement terms. More than six years later the tenant sought enforcement of the settlement by way of motion. A motion to enforce a stipulation of settlement, as opposed to a plenary action, is proper unless "the parties have executed an express, unconditional stipulation of discontinuance, or have entered judgment in accordance with the terms of the settlement." *(Teitelbaum Holdings v Gold,* 48 NY2d 51, 56.) Neither appears in the record (see CPLR 5016) and therefore the tenant's motion was the proper method to seek enforcement. A trial court possesses discretionary power to entertain a motion to enforce a stipulation. *(Teitelbaum Holdings v Gold, supra,* pp 54-55.) The Civil Court correctly refused to exercise its discretion and denied the tenant's motion. More than six years passed before the tenant sought to enforce the terms of the stipulation. Moreover, in 1974, pursuant to the settlement, the tenant sought to arbitrate the dispute over the sums claimed for moving expenses and security. The landlord, according to a supporting affidavit of the tenant's attorney, agreed to arbitrate the controversy in Queens or Nassau Counties. The tenant insisted upon arbitration in Kings County. No further action was taken by the tenant until the instant motion. The offered excuse was an illness of the executive officer of the tenant corporation. We find the length of the tenant's inaction is not justified by the claimed excuse. Accordingly, the denial of the motion and the court's refusal to exercise its discretionary powers were proper. Mangano, J. P., Gibbons, Cohalan and O'Connor, JJ., concur.