(June 5, 1989)

■ ALTERNATE ENERGY MANAGEMENT CORP., Respondent-Appellant, v ALLEN M. GOODMAN et al., Appellants-Respondents. —In a proceeding pursuant to CPLR 5236 to authorize the Sheriff of Westchester County to sell real property, Allen M. Goodman and John P. Fontana appeal from an order of the Supreme Court, Westchester County (Ruskin, J.), dated May 10, 1988, which declared that the petitioner's judgment in the amount of $228,300 was a lien on premises located at 925 Saw Mill River Road, Yonkers, New York, directed the Sheriff of Westchester County to sell the property pursuant to CPLR 5236, and denied their motion to dismiss the petition, and (2) the petitioner cross-appeals from so much of the same order as failed to determine whether its judgment lien has priority over Goodman and Fontana's interest in the property.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Supreme Court, Westchester County, that prior to the filing of a bankruptcy petition by the judgment debtor the petitioner obtained a valid lien on the premises by delivering a transcript of the judgment entered in the Supreme Court, New York County, to the Westchester County Clerk (CPLR 5203). A leasehold is assignable and therefore may be applied to the judgment (CPLR 5201). Moreover, as a chattel real, a leasehold is characterized by the CPLR as real property (CPLR 105 [s]) which can be encumbered by a lien.

The petitioner properly sought relief in State court, as the automatic stay of enforcement proceedings available under the Federal bankruptcy law applies only to property of the bankrupt's estate (11 USC § 362 [a] [4]). Once Goodman and Fontana purchased the leasehold from the interim trustee in bankruptcy, it no longer belonged to the estate.

The order of the United States Bankruptcy Court approving

the sale and assignment of the leasehold to Goodman and Fontana is silent as to existing liens on the leasehold. Consequently, the petitioner's lien was not extinguished and may be enforced (see, 4B Collier, Bankruptcy ¶ 70.97 [2] [14th ed]).

We have examined the parties' remaining contentions and find that they lack merit. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.