■ GERRITY COMPANY, INC., Respondent, v ANTHONY M. RISCICA et al., Appellants, et al., Defendants. (And a Third-

Party Action.) [625 NYS2d 360] —Spain, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 5, 1994 in Albany County, which partially granted plaintiff's motion for summary judgment.

On July 13, 1987 third-party defendants, Joseph V. Immediato (hereinafter Immediato) and Maria C. Immediato, executed a $35,000 note and mortgage in favor of plaintiff to secure an indebtedness arising out of their purchase of building materials from plaintiff. The note and mortgage encumbered a parcel of real property located in the Town of New Scotland, Albany County.[1] In June 1988 the Immediatos conveyed certain real estate which included, *inter alia,* the parcel in question to defendant Anthony M. Riscica; the Immediatos received $20,000 from the proceeds of the closing. Immediato thereafter tendered $20,000 to plaintiff, which sum was applied by plaintiff in partial payment of the unsecured portion of the total indebtedness owed by the Immediatos to plaintiff.

When no payments were made on the note and mortgage, plaintiff commenced this action against, among others, Riscica seeking, *inter alia,* the foreclosure and sale of the parcel in question to satisfy the Immediatos' secured indebtedness to plaintiff. Riscica answered and commenced a third-party action against the Immediatos alleging, *inter alia,* that they fraudulently promised to apply the $20,000 proceeds of the closing against the mortgage encumbering the parcel. Plaintiff moved for summary judgment; Riscica opposed the motion contending that triable issues of fact existed regarding whether, *inter alia,* Immediato had directed plaintiff to apply his $20,000 payment toward the outstanding mortgage. Supreme Court granted plaintiff's motion for summary judgment after finding no triable issues of fact. Riscica now appeals.[2]

Upon review of the record we find that plaintiff has demonstrated that Riscica took title to the parcel in question subject to its mortgage and that the mortgage is in default. Plaintiff has offered evidence in admissible form sufficient to prove his prima facie entitlement to a judgment of foreclosure *(see, Travelers Ins. Co. v 633 Third Assocs.,* 194 AD2d 418; *Marine Midland Bank v Cafferty,* 174 AD2d 932, 934-935).

---

1. A second parcel of land initially encumbered by the note and mortgage was subsequently released by plaintiff and is not relevant to this appeal.

2. Also appealing is defendant Citibank, which loaned funds to Riscica to purchase the property from the Immediatos and now holds a mortgage on the property. Future references to Riscica will include Citibank when appropriate.

Riscica's assertions that plaintiff is barred from foreclosure as a matter of law because of (1) Immediato's bankruptcy and (2) plaintiff's failure to declare a default or an election to accelerate the mortgage debt are without merit. There is no evidence in the record to establish that Immediato filed for bankruptcy; even if he did, 11 USC § 362 does not prohibit a foreclosure where, as here, the encumbered property is no longer owned by the alleged bankrupt debtor (see, *Alternate Energy Mgt. Corp. v Goodman,* 151 AD2d 453; see also, *Teachers Ins. & Annuity Assn. v Butler,* 803 F2d 61, 65). Additionally, plaintiff was not required to declare a default or to manifest its election to accelerate the amount due prior to commencing this foreclosure action because the full amount of the debt was past due at the time this action was commenced.

Riscica further contends that plaintiff's motion for summary judgment should have been denied because Immediato's contradictory statements regarding whether he had directed plaintiff to apply the $20,000 toward the mortgage presented triable issues of fact. As this Court has previously held in *Home & City Sav. Bank v Bilinski* (177 AD2d 73), where, as here, "a debt [is] composed of several items, a debtor can direct to which item of debt a voluntary payment made by him is to be applied * * *. Absent such a direction, the creditor may make application as it sees fit and to its best advantage" *(supra,* at 76 [citations omitted]).

Our review of the record reveals that Immediato, in his third-party answer, states that he directed plaintiff to apply the payment toward the mortgage indebtedness and that the payment was made in full satisfaction of the mortgage debt. Furthermore, Immediato's testimony at his depositions and his response to interrogatories repeats his assertion that he directed plaintiff to apply the payment toward the mortgage. However, in an affidavit provided by plaintiff, Immediato states that he directed plaintiff to apply the payment toward his "account" without any instruction as to how plaintiff was to apply the $20,000 check and that his earlier statements to the contrary were a product of his confusion.

Supreme Court erred. The inconsistencies in the various statements of Immediato have sufficiently created issues of fact with respect to the proper allocation and significance of the $20,000 payment to plaintiff such that summary judgment in favor of plaintiff was inappropriate (see, *Shaheen v International Bus. Machs. Corp.,* 157 AD2d 429, 433).

Mercure, J. P., White, Casey and Peters, JJ., concur. Or-

dered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment with respect to defendant Anthony M. Riscica; motion denied to that extent; and, as so modified, affirmed.