OPINION OF THE COURT
Patrick D. Monserrate, J.
Defendant Dr. Donald M. Werner moves to dismiss a portion of plaintiff’s claim as time barred; plaintiff Marie Louise Werner (his former wife) cross-moves to strike defendant’s affirmative defenses and counterclaim and for summary judgment on her complaint.
BACKGROUND
On December 2, 1980 the parties executed a separation agreement and were divorced by decree dated December 4th. The decree specified that the separation agreement would survive it, but not be merged with it. Under the terms of the agreement defendant was to pay to plaintiff “as and for child support the sum of $4,000.00 per year per child by monthly payments in the amount of $333.33” (agreement para 3). With respect to nondurational maintenance for the plaintiff the agreement provided “[c]ommencing with the year November, 1981 and for each month thereafter the Husband shall pay the sum of $23,500.00 annually at the rate of $1,958.33 per month” (para 4).
On July 2, 1997, plaintiff commenced this action for enforcement of the agreement seeking judgment for arrears in unpaid child support and spousal maintenance. Plaintiff asserts that as early as 1982 defendant fell behind, paying less than the agreed amounts, and that in every year from 1984 to the present he has paid less than the contractual amount. The resulting arrears, according to her, are $40,342.
Defendant acknowledges that he is in arrears but claims not to know the exact amount. He has not refuted the specific rec *301 ords submitted by plaintiff detailing the amounts paid each year, but he has raised four affirmative defenses, including Statute of Limitations, laches, nonpayment of child support by plaintiff, and offset for college expenses paid. He also has asserted a counterclaim for reduction in the amounts of child support based on the emancipation of the children.
DISCUSSION
Defendant’s Other Defenses and Counterclaim
With the exception of the Statute of Limitations, which is a legitimate defense, defendant’s affirmative defenses are without merit and will be dismissed. His defense of laches lacks merit because there can be no implied waiver of child support and maintenance inferred from a delay in seeking enforcement (Matter of Dox v Tynon, 90 NY2d 166 [1997]; see also, Robinson v Aspinall, 238 AD2d 255 [1st Dept 1997], appeal dismissed 90 NY2d 935 [1997]). In addition, defendant has failed to show that he was prejudiced by plaintiff’s delay in seeking arrears (see, Galyn v Schwartz, 77 AD2d 437 [1st Dept 1980], mod on other grounds 56 NY2d 969 [1982]). Although he alleges that he took on the obligation of educating the children in reliance on plaintiff’s inaction in seeking to enforce arrears, in fact he undertook that obligation at the time of the signing of the separation agreement and was so obligated regardless of whether he was in arrears and whether plaintiff sought (or waived) enforcement thereof.
Defendant is not entitled to a setoff for periods of time that the children were in his custody without payment of child support by plaintiff since there is no claim that plaintiff ever agreed or was ordered to pay child support during those periods (nor even that defendant requested the same).
Nor is defendant entitled to a setoff against the arrears for amounts he paid for the children’s college expenses. The parties’ agreement specifically addressed the college expenses separate and apart from the monthly child support obligation, and required both parties to contribute to those expenses to the extent of their abilities, but ultimately placed the “sole responsibility for tuition” and “the primary responsibility for the college expenses” on defendant (para 6). The agreement also expressly provided that defendant’s obligation to pay child support to plaintiff would continue for so long as the children were “living with the wife,” which was defined to include time spent at college but returning to the wife’s residence for holidays and vacation periods (para 3).
*302 As to his counterclaim, defendant alleges that under the parties’ separation agreement he was paying plaintiff “unallocated child support and maintenance” which should now be reduced to reflect the fact that the children are emancipated. A simple reading of paragraphs 3 and 4 of the agreement reveals not only that the maintenance and child support are clearly allocated separately, but the child support is further allocated per child. The counterclaim will be dismissed.
The Statute of Limitations
Defendant contends that the applicable Statute of Limitations is six years (CPLR 213 [2]) and therefore any claim for arrears is time barred to the extent that it accrued before July 2, 1991. Under the unique circumstances presented here, defendant’s position is correct.
Citing the case of Matter of Dox v Tynon (supra), plaintiff argues that the applicable Statute of Limitations for enforcement of support and maintenance arrears is 20 years (CPLR 211 [e]). In that case the Court of Appeals agreed that an action for enforcement of support obligations is circumscribed by the applicable Statute of Limitations (supra, at 176). The Court then reviewed 1980 and 1981 legislative changes which conditioned reduction of maintenance arrears on a showing of “ ‘good cause’ ” (at 175) for the defaulting spouse’s failure to seek court reduction of payments prior to the accumulation of arrears, eliminated any court discretion in reducing child support arrears, and established the Statute of Limitations for support and maintenance enforcement actions to be 20 years.
The discrete question presented in the instant case is whether those legislative changes, and in particular the 20-year Statute of Limitations, apply where, as here, the support and maintenance obligations are pursuant (only) to an agreement, rather than a judgment of divorce or other court order. The court concludes that they do not.
CPLR 211 (e), which established the 20-year limitations period, is expressly limited to actions or proceedings “to enforce any temporary order, permanent order or judgment of any court of competent jurisdiction which awards support, alimony or maintenance”.
The legislative purpose was clearly to “preclude! ] ‘forgiveness’ of child support arrears” (Governor’s Mem approving L 1986, ch 892, 1986 NY Legis Ann, at 361) and to place on the defaulting party the onus of seeking prospective modification of support obligations prior to accumulation of arrears. However, *303 the statutes as written refer to enforcement of “judgment or order” by a “spouse in an action for divorce, separation or annulment” (Domestic Relations Law § 244) and enforcement of “[a]ll orders or judgments entered in matrimonial actions” (Domestic Relations Law § 236 [B] [9] [a]). Section 236 (B) (9) (b) prohibits reduction or annulment of child support arrears which accrued prior to an “application to annul or modify any prior order or judgment”, and conditions reduction of maintenance arrears on a showing by the defaulting party of good cause for failure to make application “for relief from the judgment or order” prior to the accrual of arrears (emphasis added). As the Court noted in Dox v Tynon (90 NY2d 166, supra), the legislative intent was to transfer the burden for modification “of court-ordered payments” (supra, at 175) and “to guarantee payment in full of all court-ordered child support obligations” (supra, at 176). While the Legislature may have assumed that all maintenance and child support obligations are initially or eventually accorded court-order status by inclusion in subsequent divorce judgments, in fact there are cases such as the one at bar where the support and maintenance obligations are pursuant to a private contract/separation agreement which (for whatever reason) never receives formal judicial sanction by being incorporated into the divorce judgment. Such cases do not appear to be covered by the referenced legislation nor by the holding in Dox v Tynon (supra). In sum, the instant action is not so much a “matrimonial”, as a contract action, for which the Statute of Limitations is six years (CPLR 213).
Plaintiffs Summary Judgment
In support of her cross motion for summary judgment, plaintiff asserts that she applied all late payments to extinguishing arrears accrued earliest in time, with the result that the $40,342 in arrears can be attributed to the six years preceding commencement of this action.
Generally a debtor making payment to a creditor to whom he owes more than one obligation has the right to direct the application of payment to a specific debt (Snide v Larrow, 62 NY2d 633 [1984]; Galyn v Schwartz, 77 AD2d 437, supra). But where the debtor has made no specific allocation the creditor can allocate the payment as he wishes “and to [his] best advantage” (Home & City Sav. Bank v Bilinski, 177 AD2d 73, 76 [3d Dept 1992]; see also, Snide v Larrow, supra; Gerrity Co. v Riscica, 214 AD2d 866, 868 [3d Dept 1995]; Galyn v Schwartz, supra). In the absence of an election by either party a court *304 may make such application as equity and justice require, and with regard to the presumption that payment is applied to that portion of the debt first becoming due (Snide v Larrow, supra).
Plaintiff herein avers, “As I received payments from Dr. Werner I applied them to the oldest obligation. I also advised Dr. Werner that that was the way I was applying them and he did not object.”
In the face of plaintiffs record-keeping evidence in support of her claim, defendant has not met his burden of coming forward with affidavits or other evidentiary proof in admissible form of contrary facts sufficient to require a trial of that claim (Zuckerman v City of New York, 49 NY2d 557 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065 [1979]; Hasbrouck v City of Gloversville, 102 AD2d 905 [3d Dept 1984], affd 63 NY2d 916 [1984]). He acknowledges that he is in arrears. He does not refute plaintiffs figures as to the amounts of payments received. He does not claim that he ever requested allocation of the payments to current obligations, as opposed to arrears, nor does he refute plaintiffs claim that she advised him of her intent to apply them to the latter.
Plaintiffs evidence with respect to payment amounts, dates and allocations establishes that in 1982 defendant’s payments were deficient by $500; that deficiency was paid from the 1983 payments, leaving a $500 deficiency at the end of that year. In 1984 defendant paid a total of $36,500 ($1,000 less than required); after payment of the $500 1983 deficiency there was a total shortage of $1,500 for 1984. That shortage was paid from the first payments received in 1985, leaving at the end of that year a total arrears of $2,833. Applying the payments in this manner results in arrears of $18,583 accrued through the end of 1991, which was paid from the 1992 payments of $23,875. Thus, all arrears now due can be attributed to the period between that date and the commencement of this action. Plaintiff is entitled to judgment for child support and maintenance arrears in the amount of $40,342.
CONCLUSION
By reason of the foregoing, defendant’s motion to partially dismiss plaintiffs claim as time barred will be granted to the extent specified herein. Plaintiff’s cross motion to strike defendant’s affirmative defenses and to dismiss his counterclaim will be granted, and her cross motion for summary judgment on her complaint will be granted in the sum of $40,342 with interest on each child support and maintenance compo *305 nent thereof to be computed from the date on which each installment thereof became due and has not been paid.