■ JOSEPHINE ROBINSON et al., Plaintiffs, v JEWISH HOSPITAL AND MEDICAL CENTER OF BROOKLYN, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants, et al., Defendant and Third-Party Plaintiff. ANESTHESIOLOGY SERVICE et al., Third-Party Defendants; ADEL AZIZ, Third-Party Defendant-Appellant. [712 NYS2d 585] —In an action to recover damages for medical malpractice, the second third-party defendant, Adel Aziz, appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), entered May 3, 1999, which, upon a jury

verdict, is in favor of the second third-party plaintiff Jewish Hospital and Medical Center of Brooklyn and against him in the principal sum of $350,000.

Ordered that the judgment is reversed, on the law, with costs, and the second third-party complaint is dismissed.

In October 1976 the plaintiff Josephine Robinson (hereinafter the plaintiff) sustained permanent injuries during an operation performed at the defendant Jewish Hospital and Medical Center of Brooklyn (hereinafter the hospital) when an anesthesiologist negligently administered general anesthesia. The anesthesiologist, Margarita Bravo, had been hired on a part-time basis by the Obstetrical Anesthesia Service (hereinafter OAS). The plaintiff sued the hospital, among others, to recover damages for medical malpractice, and the hospital commenced a third-party action against Adel Aziz, a partner in OAS, for contribution and indemnification on the theory that he was vicariously liable for Bravo's negligence.

The main action was settled by stipulation which provided, *inter alia*, that anesthesia was negligently administered and that any liability on the part of the hospital was vicarious only. A jury trial was held on the hospital's third-party action against the appellant, at which the trial court charged the jury, over the appellant's objection, that in the event it determined that Bravo was an independent contractor, the appellant could be held responsible for her conduct if the jury found that there was an inherent danger in the normal performance of anesthesiology service and that the appellant should have reasonably anticipated that the normal performance of the work would be dangerous. The jury determined that OAS was a partnership, that the appellant was a partner in OAS, that Bravo was an independent contractor, and that there was an inherent danger in the normal performance of the anesthesiology service that Bravo was hired to render which a reasonably prudent person would have anticipated. Based upon the jury's findings, judgment was entered against the appellant.

Contrary to the appellant's contentions, the jury's findings that OAS was a partnership and that he was a partner therein were based on a fair interpretation of the evidence adduced at trial (*see, Nicastro v Park,* 113 AD2d 129, 134).

We agree with the appellant, however, that the trial court erred in submitting to the jury the issue of whether anesthesiology is inherently dangerous work. "The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (*Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 668). For reasons of

public policy, however, there are certain exceptions where an employer may be held liable for the negligence of an independent contractor. The exception for inherently dangerous work, which is at issue here, applies to situations where the employer "has assigned work to an independent contractor which the employer knows or has reason to know involves special dangers inherent in the work or dangers which should have been anticipated by the employer" (*Rosenberg v Equitable Life Assur. Socy., supra,* at 668; *see also, Chainani v Board of Educ.,* 87 NY2d 370, 381-382). The anesthesiology service provided by Bravo did not, as a matter of law, constitute inherently dangerous work. It was an accepted medical service provided by a medical professional who was under a duty to perform the service in a manner consistent with her legal and professional responsibilities (*see, Rosenberg v Equitable Life Assur. Socy., supra,* at 670). Public policy is not served by applying the inherently dangerous work exception to the practice of accepted medical procedures, as an employer should not be required to anticipate that a medical professional hired as an independent contractor will exercise his or her professional judgment in a manner that is dangerous or contraindicated (*see, Rosenberg v Equitable Life Assur. Socy., supra*). Accordingly, the Supreme Court erred in submitting to the jury the issue of whether anesthesiology is inherently dangerous work, and the appellant was entitled to judgment in his favor upon the jury's determination that Bravo was an independent contractor.

We have considered the parties' remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Sullivan and H. Miller, JJ., concur.