■ In the Matter of LONG ISLAND LIGHTING COMPANY, Respondent, v JEROME A. AMBRO et al., Respondents. CHARLES BROWN et al., Intervenors-Appellants, et al., Intervenors. [736 NYS2d 116] —In a proceeding pursuant to CPLR article 78, intervenors Charles Brown and James Greenlees appeal from an order of the Supreme Court, Suffolk County (Henry, J.), dated December 1, 2000, which denied their motion to enforce certain terms of a 1974 stipulation of settlement between the Long Island Lighting Company and the Town Board of the Town of Huntington.

Ordered that the order is affirmed, with costs.

This proceeding pursuant to CPLR article 78 was commenced in 1972 by the Long Island Lighting Company (hereinafter LILCO) to review a determination of the Huntington Town Board to deny, by inaction, a building permit for the construction of a fourth electric generating unit at the Northport Power Station. All parties, including the appellants, resolved the dispute pursuant to a Stipulation of Settlement dated March 30, 1974. A judgment dated the same day was entered, which approved and adopted the terms and conditions of the stipulation. The judgment granted the parties specific injunctive powers to enforce the terms and conditions of the stipulation. In July 2000 the appellants moved to enforce a term of the stipulation which provided, subject to the outcome of any proceeding instituted pursuant to the Federal Water Pollution Control Act (33 USC § 1251 *et seq.*), that LILCO would install a thermal effluent diffuser system which was designed to reduce the deleterious effect on marine life and beach erosion of the power station's water cooling system that discharged in Long Island Sound. According to LILCO, the diffuser system turned out to be unnecessary and was never installed. The Town Board was duly notified by letter dated March 28, 1978.

The Supreme Court, in the exercise of its discretion, allowed

the appellants to seek enforcement of the stipulation by way of a motion rather than a plenary action. However, the Supreme Court refused to enforce the stipulation on several grounds. The Supreme Court properly concluded that enforcement of the stipulation was barred either by the six-year statute of limitations which governs contract actions (*see, Insurance Co. of N. Am. v New York Cas. Ins. Co.,* 156 AD2d 1018, 1019; *Werner v Werner,* 176 Misc 2d 299, 302-303; 75 NY Jur 2d, Limitations and Laches § 148; *see also Meth v Kolker,* 39 AD2d 651, *affd* 33 NY2d 780; CPLR 213), or under the equitable doctrine of laches. The appellants knew, as far back as 1978, of LILCO's determination not to install the diffuser system, yet they failed to take any action for over 20 years. There is no merit to the appellants' proffered excuse that LILCO's misrepresentations caused the delay. The Supreme Court also properly refused to enforce the stipulation, as a matter of discretion, in view of the length of time that had passed and the fact that the Town Board has not moved to enforce the stipulation (*see, Transportation House v E.D.V. Maintenance Corp.,* 84 AD2d 534, 535; 105 NY Jur 2d, Trial § 261). Santucci, J.P., Florio, O'Brien and Schmidt, JJ., concur.