■ MARINE MIDLAND BANK, N.A., Appellant, v WORLDWIDE INDUSTRIAL CORP. et al., Respondents, et al., Defendant. [763 NYS2d 27] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about December 20, 2002, which granted the motion of defendants-respondents Worldwide Industrial Corp. (Worldwide) and Stanley Klein to vacate a judgment entered June 21, 2002 in favor of plaintiff Marine Midland Bank (the bank) and against defendants Worldwide and Klein in the amount of $216,285.66 with interest from July 30, 1992 plus costs and disbursements, pursuant to a 1992 stipulation of settlement, unanimously reversed, on the law, without costs, defendants' motion denied and the judgment reinstated. The Clerk is directed to enter judgment accordingly.

In settlement of this action by the bank to recover sums due under three promissory notes executed by Worldwide and guaranteed by defendants Stanley Klein and Donna Klein, Worldwide and Stanley Klein entered into a stipulation of settlement with the bank, dated as of September 15, 1992, in which they agreed to repay the sum of $226,285.66 in monthly installments. The stipulation further provided that, in the event respondents failed to make any payment, the bank could enter judgment for the remaining amount due, together with interest, counsel fees, costs and disbursements. Discontinuance of the action, however, was expressly conditioned on full payment of the debt. It is undisputed that no payments required by the stipulation have been made since late 1992.

Almost 10 years later, the bank entered judgment pursuant to the stipulation in the New York County Clerk's office on June 21, 2002. Defendants then moved to vacate the judgment on the grounds of statute of limitations and laches because the bank had allowed over nine years to elapse since the breach before entering judgment. The motion court granted respondents' motion, holding that enforcement of the stipulation was barred by the six-year statute of limitations which governs contract actions (CPLR 213 [2]; *Matter of Long Is. Light. Co. v Ambro,* 290 AD2d 508 [2002]), and vacated the judgment. We disagree and reverse.

As the bank pointed out on the motion, there was no need

for it to bring an action for judgment to enforce the parties' stipulation inasmuch as, pursuant to the terms of the stipulation, the case remained active and was not subject to discontinuance unless and until requested by defendants upon full payment of the outstanding debt.

Unlike *Long Is. Light. Co. v Ambro* (*supra* at 508), where the parties terminated the CPLR article 78 proceeding by entering a judgment "which approved and adopted the terms and conditions of the stipulation" and granted the parties specific injunctive powers to enforce the terms and conditions of the stipulation, here the parties specifically left this action pending and provided that, in the event of respondents' default, it was only necessary for the bank to enter judgment in the pending action to enforce the remedy provided for in the stipulation.

Thus, there is no merit to respondents' assertion of the statute of limitations, which is an affirmative defense (CPLR 3018 [b]; 3211 [a] [5]) that must be asserted either in a responsive pleading or in a motion to dismiss the complaint (CPLR 3211 [e]). The procedural posture of this matter simply affords no opportunity to interpose such defense. Respondents' assertion that judgment was required to be entered within one year following the default in payment (CPLR 3215 [c]) is also without merit. Entry of a default judgment for failure to comply with a stipulation of settlement is specifically provided for by CPLR 3215 (i) (1), which contains no time limit for entering such judgment. Nor is there any merit to respondents' assertion of laches as a bar to entry of judgment. The only element of that doctrine established by respondents is the mere passage of time which, standing alone, is insufficient (*Matter of Barabash*, 31 NY2d 76, 81-82 [1972]; *Macon v Arnlie Realty Co.*, 207 AD2d 268, 271 [1994]). In view of the requirement in the stipulation that respondents obtain a stipulation of discontinuance before ending the action, their claim that the passage of time induced them to rely on the bank's forbearance from entering judgment is unconvincing. Likewise, they fail to demonstrate that they sustained any detriment from the suspension of their obligation to make installment payments for nearly a decade.

Had respondents desired to impose a time limit on the enforcement of their obligations under the stipulation, they had only to incorporate the appropriate language into their agreement. Parties are afforded great latitude to chart their procedural course through the courts (*Stevenson v News Syndicate Co.*, 302 NY 81, 87 [1950]; *see also Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]; *Matter of Malloy*, 278 NY 429 [1938]), by stipulation or otherwise, and the courts

have an interest in the enforcement of agreements that facilitate the determination of a controversy (*Mitchell v New York Hosp., supra* at 214; *Matter of Hofmann,* 287 AD2d 119, 122 [2001]). Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.