■ JOSEPHINE ROBINSON et al., Plaintiffs, v JEWISH HOSPITAL AND MEDICAL CENTER OF BROOKLYN, Defendant and Third-Party

Plaintiff-Appellant, et al., Defendants. ANESTHESIOLOGY SERVICE et al., Third-Party Defendants; ADEL AZIZ, Third-Party Defendant-Respondent. [793 NYS2d 534]—

In an action to recover damages for medical malpractice, etc., the defendant third-party plaintiff second third-party plaintiff appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), entered February 5, 2004, which, upon, inter alia, an order of the same court dated September 24, 2003, granting the motion of the second third-party defendant, among other things, to vacate a judgment of the same court dated May 3, 1999, and upon a prior stipulation of the parties, is in favor of the second third-party defendant and against it in the principal sum of $300,000, plus the sums of $521,700 as interest, $950 for costs, and $20,654.64 as an award of an attorney's fee.

Ordered that the judgment is modified, on the law, by deleting the words "plus $20,654.64 as reimbursement to Adel Aziz for attorneys fees" from the decretal paragraph thereof; as so modified, the judgment is affirmed, with costs to the second third-party defendant.

In response to the refusal of the defendant third-party plaintiff second third-party plaintiff Jewish Hospital and Medical Center of Brooklyn (hereinafter the Hospital) to agree to the entry of judgment pursuant to the parties' stipulation, the second third-party defendant, Adel Aziz, moved, inter alia, pursuant to 22 NYCRR 130-1.1, for an award of an attorney's fee. However, the Supreme Court failed, as required by 22 NYCRR 130-1.2, to state why it found the amount of the award imposed to be appropriate. Accordingly, since the parties' stipulation did not provide for an award of an attorney's fee, under the circumstances of this case, that portion of the judgment which awarded an attorney's fee must be vacated (see Morrison v Morrison, 246 AD2d 634 [1998]; Walker v Weinstock, 213 AD2d 631 [1995]).

However, we reject the Hospital's contention that the Supreme Court improperly entered judgment in favor of Aziz based upon the prior stipulation. As Aziz contended, the stipulation provided that he was to recover the principal sum of $300,000, plus interest, in the event the Hospital's claim against him was dismissed. Since that claim was dismissed by this Court in Robinson v Jewish Hosp. & Med. Ctr. of Brooklyn (275 AD2d 362 [2000]), Aziz was entitled to the entry of a judgment in that amount (see Teitelbaum Holdings v Gold, 48 NY2d 51, 56 [1979]; Aaron v Aaron, 2 AD3d 942 [2003]; Transportation House v E.D.V. Maintenance Corp., 84 AD2d 534, 535 [1981]).

The Hospital's remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Fisher, JJ., concur.