■ PATRICK COOK, Appellant, v JACK GREENBAUM, Respondent. [795 NYS2d 64]—

In an action, inter alia, for specific performance of a sales agreement and a security agreement, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), dated April 14, 2004, which, inter alia, granted the defendant's motion for a declaration that "the stipulation between the parties dated September 13, 1990, in effect, required [the] plaintiff to pay both the February [1988] and March [1988] series of notes, and that the sale of the security given to the defendant shall proceed according to the terms of the Security Agreement dated March 11, 1988, between the parties, or if the terms of the said agreement are no longer practical, such sale of the security shall take place in a commercially reasonable manner."

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the defendant's motion and a new determination thereof.

This action concerns the parties' rights and obligations under a series of agreements executed in February 1988 and March 1988. The parties were equal owners of three businesses, a carwash, a newsstand, and a luncheonette. The result of the agreements was that the plaintiff would become the sole owner of the carwash, and the defendant would become the sole owner of the newsstand and luncheonette. Pursuant to the February agreement, the lease to the carwash premises was assigned to the defendant. The consideration for this deal was $299,553.35, to be paid by the plaintiff to the defendant in a series of 81 monthly promissory notes. The March agreements provided, inter alia, for sales of stock in the businesses. The consideration for this deal was $205,000. Pursuant to a contemporaneous security agreement, the plaintiff was to pay monthly installments

to the defendant totaling $205,000, in accordance with a second series of 81 promissory notes.

The parties allegedly became embroiled in a dispute, and the defendant declared a default. In January 1990 the plaintiff commenced this action, inter alia, for specific performance of the sales agreement and the security agreement, both dated March 11, 1988, and to enjoin the defendant from selling the stock in the carwash that was being held as security for the plaintiff's payment obligations under the March notes. The complaint expressly referred to the notes securing the $205,000 obligation, i.e., the March notes. The action was ultimately settled pursuant to a stipulation dated September 13, 1990, which provided for the plaintiff to pay certain arrears to bring his obligations current under the *February* notes; the stipulation did not address the apparent default under the March notes which was the reason for the action. The stipulation concluded "[t]his agreement refers only to the matters embraced therein and is not designed to relieve either of the parties from any obligation that such party may have to the other as to matters not encompassed in this agreement."

The debts underlying the February and March notes were to have been paid in full by December 1994. Nevertheless, the plaintiff's payment history allegedly was sporadic. The record indicates that the plaintiff last made a payment in October 1997. In May 2002 the defendant declared a default. At that time, the plaintiff allegedly owed an outstanding balance of $186,459 on the February notes, and $113,076 on the March notes.

In August 2002 the defendant moved to direct the sale of the carwash stock posted as security for the $205,000 debt. In support, the defendant argued that the plaintiff was in default under both series of notes, and that pursuant to the terms of the 1990 stipulation, he was entitled to sell the stock at auction, and to retain the sale proceeds up to the amount of the plaintiff's debts. Due to perceived deficiencies in the defendant's papers, the court denied the motion without prejudice to renewal. Upon renewal, the defendant alleged his entitlement to relief under both series of notes and the court granted the motion, in effect, reaffirming the defendant's right to sell the stock. We reverse.

The plaintiff argues that the defendant's motion to enforce the terms of the stipulation should have been denied as untimely. We disagree. The parties' 1990 stipulation expressly permitted the defendant to apply to the court for a judgment based upon any future default without any time limits (*see*

*Marine Midland Bank v Worldwide Indus. Corp.*, 307 AD2d 221 [2003]). Moreover, pursuant to the terms of the stipulation, the defendant was entitled to proceed by motion in this action; a statute of limitations is an affirmative defense to the interposition of claims in an action (*id*). The statute of limitations thus did not bar the defendant's motion.

Contrary to the Supreme Court's determination, however, the defendant failed to demonstrate his entitlement to any substantive relief. As the foregoing factual summary suggests, there are numerous issues of fact that must be resolved before the defendant can prove that the plaintiff defaulted on his payment obligations under either set of notes, and the amount of the outstanding balances. Furthermore, it is by no means clear that the defendant is entitled to any relief vis-à-vis the stock. The 1990 stipulation expressly resolved a controversy over the plaintiff's default under the February notes whereas the stock sale agreement underlying the defendant's present claims concerned the March notes. Simply stated, the defendant did not prove that the stipulation was intended to apply to the March notes. Rather, before he is permitted to sell the stock pursuant to the security agreement, the defendant must prove the relevant default. Moreover, the March notes purport to aggregate a principal debt in the sum of $205,000 which was the consideration for the stock exchange. Yet when the payments of each March note is totaled it equals $299,553.35; the security agreement repeats this same discrepancy. This is the amount due under the February notes. No one has addressed this anomaly. Accordingly, this matter must be resolved at a hearing on the defendant's motion. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.