■ In the Matter of HERITAGE HILLS SEWAGE WORKS CORPORATION, Respondent, v TOWN BOARD OF TOWN OF SOMERS et al., Appellants. HERITAGE HILLS SOCIETY, LTD., Intervenor-Appellant. [822 NYS2d 303]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Somers dated February 6, 2004, which, after a hearing, granted the petitioner's rate-increase petition only to the extent of granting a 3.8% rate increase for sewage treatment services, the Town Board of the Town of Somers and the Town of Somers appeal, and Heritage Hills Society, Ltd., separately appeals, from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered March 28, 2005, which, inter alia, granted the petition, annulled the determination, and authorized the petitioner to implement the rates proposed in its rate-increase petition.

Ordered that the judgment is reversed, on the law, with one bill of costs to the defendants-appellants and the intervenor-appellant appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The Supreme Court granted the petition on the ground that the Town Board of the Town of Somers (hereinafter the Town Board) failed to reach a determination on the rate-increase petition of the Heritage Hills Sewage Works Corporation (hereinafter the Company) within the 90-day deadline imposed by Transportation Corporations Law § 121, as extended by the par-

ties on consent. However, Transportation Corporations Law § 121 does not govern the instant controversy, because the Town Board and the Company, by stipulation, charted their own procedural course. The parties, among other matters, agreed to extend the statutory 90-day time period, and implemented scheduling for, inter alia, document inspection and discovery, proceedings before the Town Board, and release of the Town Board special counsel's recommended decision for review and comment. The procedures agreed upon by the parties did not offend public policy, even though they stipulated away statutory rights (*see Town of Orangetown v Magee,* 88 NY2d 41, 54 [1996]; *Mitchell v New York Hosp.,* 61 NY2d 208, 214 [1984]; *Cook v Greenbaum,* 18 AD3d 416, 417-418 [2005]; *Marine Midland Bank v Worldwide Indus. Corp.,* 307 AD2d 221 [2003]; *J & A Vending v J.A.M. Vending,* 303 AD2d 370, 371-372 [2003]; *Braithwaite v Braithwaite,* 299 AD2d 383, 384 [2002]). Applying the procedures agreed upon by the parties, it was error for the Supreme Court to grant the petition on the ground stated.

Accordingly, we remit the proceeding to the Supreme Court to review the administrative record and determine whether the Town Board's determination lacked a rational basis and was arbitrary and capricious (*see e.g. Matter of McKinnon v Aponte,* 196 AD2d 655, 658 [1993]; *Matter of Guddemi v State of N.Y., Div. of Hous. & Community Renewal,* 138 AD2d 376 [1988]). Florio, J.P., Ritter, Goldstein and Lifson, JJ., concur.