# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**361**

**CA 10-01845**

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

HERKIMER COUNTY INDUSTRIAL DEVELOPMENT AGENCY,
PLAINTIFF,

               V                               MEMORANDUM AND ORDER

VILLAGE OF HERKIMER, DEFENDANT-RESPONDENT,
AND COUNTY OF HERKIMER, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

ROBERT J. MALONE, COUNTY ATTORNEY, HERKIMER (LORRAINE H. LEWANDROWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

LONGSTREET & BERRY, LLP, SYRACUSE (MICHAEL LONGSTREET OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered April 30, 2010. The order, inter alia, denied the motion of defendant County of Herkimer seeking leave to renew its motion for summary judgment on its cross claims, for leave to serve an amended answer adding a third cross claim, and for summary judgment on the third cross claim.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion of defendant County of Herkimer seeking leave to renew its motion for summary judgment on its first and second cross claims and granting that part of the motion seeking leave to serve an amended answer to assert a third cross claim, upon condition that it shall serve the amended answer within 20 days of service of a copy of the order of this Court with notice of entry and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that the real property taxes levied against it by defendant Village of Herkimer (Village) are void inasmuch as plaintiff is exempt from the payment of such taxes. Pursuant to Village Law § 11-1118, the Village added the unpaid water rents owed by plaintiff's tenant to the annual tax levies of the Village in 2004 and 2005 and, when plaintiff failed to pay those amounts, the Village turned the unpaid tax levies over to defendant County of Herkimer (County) pursuant to RPTL 1436. Pursuant to RPTL 1442 (4), the County, under protest, paid the Village the amounts levied against plaintiff for 2004 and refused to pay the Village the amounts levied against plaintiff for 2005 because plaintiff is a tax-exempt entity. The

Village moved for, inter alia, summary judgment dismissing the complaint against it and for summary judgment on its cross claim seeking a declaration that the County is obligated pursuant to RPTL 1442 (4) for the amount owed by plaintiff for unpaid water rents. The County moved for, inter alia, summary judgment on its cross claims, alleging that it is not liable to the Village pursuant to RPTL 1442 (4) because plaintiff is exempt from paying property taxes (*see* General Municipal Law § 874). In appeal No. 1, the County and plaintiff each appeal from a judgment granting the Village's motion and denying the County's motion.

While the motions were pending, however, the County Legislature determined pursuant to RPTL 1138 (6) (a) that there is no practical method to enforce the collection of the delinquent tax liens against plaintiff, and the liens were thereafter cancelled. Pursuant to RPTL 1138 (6) (c), "[a] tax district shall not be required to credit or otherwise guarantee to any municipal corporation the amount of any delinquent tax lien [that] has been cancelled . . . If such a credit or guarantee shall have been given before the cancellation of the lien, the tax district shall be entitled to charge back to the municipal corporation the amount so credited or guaranteed." The County moved for leave to renew its motion for, inter alia, summary judgment on its cross claims based upon the action of the County Legislature resulting in the cancellation of the tax liens against plaintiff. Plaintiff joined in that part of the motion. The County alleged that the cancellation of those tax liens would affect the outcome of the prior summary judgment motions. The County also moved for leave to amend its answer to add a third cross claim alleging that, pursuant to RPTL 1138 (6) (c), it is not liable to the Village for the amounts of the tax liens against plaintiff, as well as for summary judgment on that cross claim. In appeal No. 2, the County appeals from an order that, inter alia, denied that motion.

Addressing first the order in appeal No. 2, we conclude that Supreme Court erred in denying those parts of the County's motion seeking leave to renew its prior motion for summary judgment and seeking leave to amend its answer to allege a third cross claim. We therefore modify the order accordingly. With respect to that part of the motion seeking leave to renew, we conclude that the County alleged new facts that would change the prior determination on its motion for summary judgment (*see* CPLR 2221 [e]; *cf. Cole v North Am. Adm'rs*, 11 AD3d 974), and thus that the court abused its discretion in denying the motion. Although the water rents were based on usage and thus were not taxes when they were billed to plaintiff's tenant (*see State Univ. of N.Y. v Patterson*, 42 AD2d 328, 329), plaintiff was not billed for the water rents but, rather, was issued tax notices after those unpaid amounts were added to the Village tax levy pursuant to Village Law § 11-1118 (*cf. id.*). We conclude that the Village was therefore bound by the provisions of the RPTL when it turned over those unpaid tax levies to the County for enforcement proceedings (*see* RPTL 1442 [5]). By alleging that the cancellation of the tax liens relieved the County from crediting or guaranteeing to the Village the amounts of its levies against plaintiff (*see* RPTL 1138 [6] [c]), the County alleged new facts that would affect the court's determination on the

prior summary judgment motion.

We further conclude that the court abused its discretion in denying that part of the County's motion seeking leave to amend its answer to include a third cross claim alleging that it is not liable to the Village for the unpaid amounts of its tax levies against plaintiff, and we therefore further modify the order accordingly. Here, "there was no inordinate delay in seeking such relief, and there was no showing of prejudice to [the Village]" (*Torvec, Inc. v CXO on the GO of Del., LLC*, 38 AD3d 1175, 1176-1177; *see* CPLR 3025 [b]). The court, however, properly denied that part of the motion for summary judgment on the third cross claim inasmuch as issue on that cross claim has not been joined and thus that part of the motion is premature (*see* CPLR 3212 [a]).

In light of our determination in appeal No. 2, we conclude with respect to appeal No. 1 that the court erred in granting the Village's motion for, inter alia, summary judgment dismissing the complaint against it and summary judgment on its cross claim. Further, we conclude that the court erred to the extent that it dismissed the County's cross claims and thus that they should be reinstated. We therefore modify the judgment accordingly.

Entered:  May 6, 2011                           Patricia L. Morgan
                                                Clerk of the Court