# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1233**
**CA 13-02122**
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO,

---

HERKIMER COUNTY INDUSTRIAL DEVELOPMENT AGENCY,
PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

VILLAGE OF HERKIMER, DEFENDANT-APPELLANT,
AND COUNTY OF HERKIMER, DEFENDANT-RESPONDENT.

---

LONGSTREET & BERRY, LLP, SYRACUSE (MICHAEL J. LONGSTREET OF COUNSEL),
FOR DEFENDANT-APPELLANT.

KERNAN AND KERNAN, P.C., UTICA (MICHAEL H. STEPHENS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

ROBERT J. MALONE, COUNTY ATTORNEY, HERKIMER (LORRAINE H. LEWANDROWSKI
OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court,
Herkimer County (Erin P. Gall, J.), entered June 17, 2013 in a
declaratory judgment action. The judgment granted the motion of
defendant County of Herkimer for summary judgment against defendant
Village of Herkimer and denied the cross motion of defendant Village
of Herkimer for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by reinstating the second counterclaim
in the amended answer of defendant Village of Herkimer, and by
granting judgment in favor of plaintiff and defendant County of
Herkimer as follows:

It is ADJUDGED and DECLARED that the assessment of real
property taxes against plaintiff by defendant Village of
Herkimer was unlawful based upon plaintiff's tax exempt
status, and that defendant County of Herkimer properly
cancelled the tax lien against properties owned by
plaintiff,

and as modified, the judgment is affirmed without costs.

Memorandum: In this declaratory judgment action, defendant
Village of Herkimer (Village) appeals from a judgment granting the
motion of defendant County of Herkimer (County) seeking summary
judgment on its cross claims against the Village and dismissing the
Village's cross claims. The judgment also denied the Village's cross

motion seeking summary judgment on its counterclaim against plaintiff and dismissed the counterclaim.  This matter was previously before us (*Herkimer County Indus. Dev. Agency v Village of Herkimer*, 84 AD3d 1707), and we modified the judgment by denying the Village's motion for summary judgment on its cross claims against the County and permitting the County to amend its answer to allege a third cross claim against the Village.

As we explained on the prior appeal, plaintiff commenced this action seeking a declaration that the real property taxes levied against it by the Village are void inasmuch as plaintiff is exempt from the payment of real property taxes.  Pursuant to Village Law § 11-1118, the Village added unpaid water rents owed by plaintiff's tenant to the annual tax levies in 2004 and 2005 and, when plaintiff failed to pay those taxes, it turned the unpaid tax levies over to the County pursuant to RPTL 1436.  The affected properties were thereafter included in an in rem foreclosure proceeding commenced by the County. The County, however, withdrew those properties from the in rem foreclosure proceeding based upon an automatic stay of the proceeding pursuant to 11 USC § 362 (a) (4) and RPTL 1140 (1) following the filing of a chapter 13 bankruptcy petition by plaintiff's tenant. Pursuant to RPTL 1138 (6) (a), the County Legislature determined that there was no practical method to enforce the collection of the delinquent tax liens on the two parcels, and the tax liens were cancelled.  In its amended answer, the Village asserted cross claims against the County challenging the propriety of its actions in cancelling the tax lien.  We conclude that Supreme Court properly determined that the actions of the County were lawful and granted the County's motion for summary judgment on its cross claims against the Village.  The court erred, however, in failing to declare the rights of the parties (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954; *Haines v New York Mut. Underwriters*, 30 AD3d 1030, 1030), and we modify the judgment accordingly.

We note, as an initial matter, that the Village has abandoned its contentions on appeal that the court erred in granting those parts of the County's motion for summary judgment on its first and second cross claims and limits its contention to the County's third cross claim (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

The Village contends that the County used an improper basis for its determination to withdraw the properties from the in rem foreclosure proceeding and to cancel the tax liens, i.e., the bankruptcy proceeding filed by plaintiff's tenant.  Although the County does not explicitly respond to the Village's contention that the bankruptcy petition of plaintiff's tenant did not operate to stay the in rem proceeding because plaintiff is the property owner, we nevertheless reject that contention.  "[A] leasehold, like all other interests of the debtor, immediately becomes property of the [debtor's] estate whenever bankruptcy relief is sought" (*Matter of Sturgis Iron & Metal Co., Inc.*, 420 BR 716, 721 [Bankr WD.Mich]; *see Matter of Ames Dept. Stores, Inc.*, 287 BR 112, 122 [Bankr SDNY]; *see also Alternate Energy Mgt. Corp. v Goodman*, 151 AD2d 453, 453; *see generally Matter of Prudential Lines, Inc.*, 928 F2d 565, 573 [2d

Cir]).  Thus, the tenant's petition operated as a stay to "enforce any lien against property of the estate" (11 USC § 362 [a] [4]).  We therefore conclude that the County properly determined that the in rem foreclosure proceeding with respect to the subject parcels was stayed pursuant to RPTL 1140 (1), and properly withdrew those parcels from the proceeding.  As noted above, the Village abandoned its contention that the court erred in granting that part of the County's summary judgment motion on its cross claim alleging that plaintiff is a tax exempt entity and thus that the assessment of a levy of real property taxes against it is in violation of New York law.  We therefore further conclude that the County had a proper basis to cancel the tax lien based upon its determination that "there is no practical method to enforce the collection of the delinquent tax lien and that a supplementary proceeding to enforce collection of the tax would not be effective" (RPTL 1138 [6] [a]).  Thus, we conclude that the County established its entitlement to judgment on its third cross claim and that the Village failed to raise an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude, however, that the court erred in dismissing the Village's counterclaim against plaintiff, alleging that plaintiff is responsible for the unpaid water rents as the owner of the property, and we therefore further modify the judgment accordingly. We note that the court dismissed the counterclaim as barred by the statute of limitations (*see* UCC 2-725 [1]; *Matter of Village of Scarsdale v New York City Water Bd.*, 33 AD3d 1011, 1013), and that it did so in the absence of a cross motion from plaintiff seeking that relief.  In any event, we agree with the Village that the claim it asserted in the second counterclaim of its amended answer "is deemed to have been interposed at the time the claims in the original [answer] were interposed" (CPLR 203 [f]).  We reject plaintiff's contention that it did not have notice of the transactions or occurrences giving rise to the claim (*see id.*).  Although the original answer is not included in the record before us, the failure to include the original pleading is not fatal to the Village's claim in the second counterclaim (*see generally Holst v Liberatore*, 105 AD3d 1374, 1375).  Where, as here, the amended answer "merely adds a new theory of recovery arising out of transactions already at issue in this litigation" (*Presutti v Suss*, 254 AD2d 785, 786; *see Boxhorn v Alliance Imaging Inc.*, 74 AD3d 1735, 1736), the counterclaim contained in the amended answer is not time-barred (*see C-Kitchens Assocs. Inc. v Travelers Ins. Cos. [Travelers Ins. Co.]*, 15 AD3d 905, 906).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court